## DOB SPARKS v. STATE.

No. A-5599.   Opinion Filed June 2, 1926.
(245 Pac. 1061.)

Anglin & Stevenson, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error, Dob Sparks, was convicted of statutory rape, alleged to have been committed in Hughes county on or about August 27, 1923, by having sexual intercourse with one Oma Stringfellow, a female person over the age of 16 years and under the age of 18, and of previous chaste and virtuous character, and not his wife; and in accordance with the verdict of the jury he

was sentenced to imprisonment in the state penitentiary for a term of two years.

It is assigned as error that the verdict is not sustained by sufficient evidence; that the court misdirected the jury as to the law of the case, and failed to instruct fully upon certain quesions of law.

It appears that the eighteenth birthday of prosecutrix was October 20, 1923; that at the time of the trial in December, 1924, she had a baby born April 27, 1924.

She testified that defendant was the father of her child; that she never had sexual intercourse with any other person than defendant; that she was not his wife; that they lived less than half a mile apart for two or three years, and he had promised to marry her.

As a witness in his own behalf, defendant testified that his age was 20 years; that he had kept company with her and once took her home from singing and another time from church; that he never did have sexual intercourse with her; that on August 25, 1923, he was put in jail here, having returned from Lindsay, Okla., where he had been since June 24th that year. On cross-examination he admitted that he wrote a letter to the prosecutrix while she was at Dustin and asked her to send him money to pay for a marriage license and that if she would send it he would come and get her, and that she sent him a dollar; that he did not remember whether it was before or after the baby was born; that on October 29, 1924, he married another woman.

It is argued that the testimony of the prosecutrix is inconsistent, contradictory, and uncorroborated. A careful examination of the record discloses that her testimony was direct and positive as to all the essential elements of the offense charged, and the admissions of defendant as a witness in his own behalf strongly tended to corroborate her

testimony. We are of the opinion that the evidence is amply sufficient to support the verdict and the action of the trial court in refusing to grant a new trial.

No objection was made or exception taken to the instructions given by the court, and they fully cover every essential element of the offense charged, including that of previous chaste character of the prosecutrix. If defendant was not satisfied with the instructions given by the court, he should have submitted such requests for instructions as he desired. Where no requests for instructions are made, it is not reversible error to fail to instruct upon any particular issue.

Upon the record before us, we are satisfied that defendant has had a fair and impartial trial. Finding the evidence sufficient and no prejudicial error of law occurring at the trial, the judgment appealed from is affirmed.

BESSIE, P. J., and EDWARDS, J., concur.