## A. S. HAMILTON v. STATE.

No. A-6444. Opinion Filed Feb. 23, 1929.
Rehearing Denied March 16, 1929.
(274 Pac. 1092.)

160

W. R. Withington, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, for convenience referred to as the defendant, was convicted in the district court of Oklahoma county by a jury, of grand larceny, and sentenced to serve 2½ years in the state penitentiary. Motion and amended motion for new trial was filed, considered, and overruled, and defendant has appealed to this court.

The state called a number of witnesses who testified that the casings defendant was alleged to have stolen belonged to the Johnson Furniture Company; they were identified by several witnesses as being the casings taken from the truck of the furniture company. The testimony further shows that defendant went to Mr. Zellars' residence on C street in Capitol Hill, and agreed to sell the casings to Mr. Zellars, and the witness W. P. Lindsay stated he was at Mr. Zellars' when the defendant came, and that Mr. Zellars asked the defendant in presence of the witness where he would deliver the casings, and the defendant replied, "Well, maybe better not bring them here, you have been in a little trouble before and we had better de-

liver them some place else, the law may be watching your house right now;" and Zellars and the defendant agreed that he would còme back in about an hour with the casings, and when he drove by in his coupe Zellars was to drive his truck and lead the way to the country somewhere where they could make the delivery. The testimony further shows that out on the road the defendant and Zellars had stopped, and just as the defendant was delivering the casings to Zellars the officers came up and arrested the defendant.

The defendant denies stealing the casings, and states he bought them from some boys at a pool hall; that Mr. Zellars had asked him if he could buy him some casings cheap, as he did not want to buy new casings for his truck. Defendant admits he was delivering the casings to Zellars when arrested.

John Swayne and Homer Hamilton were called by the defendant, and testified to the defendant buying the casings from some boys at a pool hall mentioned in the testimony. Also, a Mr. Miller testified that he was at the pool hall at the time defendant bought the casings from two boys. No one seems to know the name of the boys. This is in substance all of the testimony.

The court properly instructed the law. The jury is the sole and exclusive judges of the credibility of the witnesses and the weight to be given their testimony, and where there is competent testimony to sustain a conviction, though conflicting, this court will not disturb the verdict of the jury.

The defendant as a ground for reversal of this case urges that the court erred in refusing plaintiff in error a new trial on the ground of newly discovered evidence set forth in his amended motion for a new trial. The amended motion of the defendant has been carefully examined, and we find defendant in his amended motion

states he has discovered additional evidence, stating that Johnie Swayne and Homer Hamilton, both of whom live in Oklahoma City, had stolen the tires, and that the defendant did not know these facts, but that since the trial he had learned that both Swayne and Homer Hamilton had made a complete confession stating they stole the said automobile tires, which statement did not in any way show this defendant was implicated in the stealing of the said tires; that he knew these two witnesses before the trial, but he did not know they had stolen the tires, and had no way of finding out they had stolen the tires or that said tires were stolen. The defendant makes an affidavit to the amended motion setting up what he could prove by the two witnesses, but does not support his statement by an affidavit of Swayne and Hamilton stating they stole the casings. John Swayne and Homer Hamilton were both called as witnesses for the defendant in the trial of the case, and neither stated they had anything to do with the stealing of the casings, or that they had any knowledge as to who did steal them, claiming that defendant bought them from some boys at the pool hall.

The defendant cites the case of Peters et al. v. State, 35 Okla. Cr. 367, 250 P. 1032, as sustaining his contention that his amended motion for a new trial should be granted. A careful examination of the Peters Case shows the facts in the Peters Case are quite different from the facts in this case. In the Peters Case, the affidavit of the witnesses by whom the defendants in the Peters Case allege they could show certain material facts were attached to the motion for a new trial. In this case the defendant does not attach the affidavit of Swayne and Hamilton, but relies upon his own statement as to what he could show by these two boys.

"A motion for new trial, after judgment, on the ground of newly discovered evidence, is addressed to the sound judicial discretion of the trial court. Testimony

offered for the purpose of contradicting the testimony of the complaining witness is cumulative and therefore not sufficient ground for granting a new trial." Diffey v. State, 10 Okla. Cr. 190, 135 P. 942.

The motion is fatally defective, where it does not state fully the circumstances which make it appear that such evidence as a matter of fact was newly discovered, and could not have been discovered by the exercise of proper diligence. Ryan v. State, 8 Okla. Cr. 624, 129 P. 685.

In this case the witness by whom he alleges he could show they stole the casings, and that the defendant was not connected with it in any way, testified in the trial of the case. The defendant knew the witnesses, and no showing is made as to why the defendant could not have discovered what the witnesses would testify earlier by the exercise of proper diligence. The motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed except for an abuse of discretion. We hold that the court did not abuse its discretion in overruling defendant's motion for a new trial. The evidence in this case is sufficient to sustain the judgment.

No prejudicial errors appearing in the record, the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.