## REX CAMPBELL v. STATE.

No. A-5950. Opinion Filed Feb. 23, 1929.
Rehearing Denied March 16, 1929.
(274 Pac. 1094.)

Morris & Tant, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county by a jury, of robbery with deadly weapons, and sentenced to serve 25 years in the state penitentiary. Motion for new trial was filed, considered, and overruled, and defendant has appealed to this court.

The information properly charged that Rex Campbell, and Hurley Slitt, did in Oklahoma county and state of Oklahoma commit the crime of robbery with deadly weapons. Before the beginning of the trial, the defendants were granted a severance, and the state thereupon elected to try defendant Rex Campbell.

The first error complained of by the defendant is that there was not sufficient evidence to support the verdict.

In the case of Jackson v. State, 42 Okla. Cr. 86, 274 P. 696, this court said:

"A motion for new trial, based on an allegation that the evidence does not support the verdict of the jury, is addressed, first, to the sound discretion of the trial court, who has seen and heard the witnesses testify, and who must necessarily know a great deal more about many

facts and circumstances produced at the trial, which cannot be written into a record, than an appellate court can by reading the record after it is written. And when a trial court has considered and passed upon such an issue, it comes to this court only on the proposition that as a matter of law the verdict is contrary to the evidence." See, also, Harrison v. State, 10 Okla. Cr. 210, 135 P. 948.

Another ground of error complained of is that the court failed to instruct the jury as to the weight to be given the testimony to the effect that the defendant had been convicted of violating the prohibition laws.

In the case of Lumpkin v. State, 5 Okla. Cr. 489, 115 P. 478, this court said:

"Our statutes require a trial judge to instruct the jury as to all matters of law which he thinks are necessary for their information in giving their verdict. If counsel for a defendant are of the opinion that additional instructions should be given to the jury, it is their duty to reduce them to writing, submit them to the trial judge, and request that they be given to the jury. If they fail to do this, a conviction will not be reversed unless this court is of the opinion, in the light of the entire record and instructions of the court, that by the failure of the trial court to instruct the jury upon some material question of law the defendant has been deprived of a substantial right."

In the case of Sparks v. State, 34 Okla. Cr. 373, 245 P. 1061, this court held: "Where no objection is made or exception taken to the instructions given by the court, and no requests for instructions are made, error cannot be predicated upon the failure of the court to give any particular instruction."

The defendant also complains that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence.

In the case of Hamilton v. State, 42 Okla. Cr. 159, 274 P. 1092, this court held:

"A motion for a new trial after judgment, on the ground of newly discovered evidence is addressed to the sound discretion of the trial court."

It appears from the affidavit of the defendant that the defendant fixes no date when he claims to have discovered this evidence, and from his own evidence it appears that part of it had been discovered during the progress of the trial.

A motion for new trial upon the ground of newly discovered evidence is fatally defective, where the defendant making the affidavit fixes no date upon which the discovery was made, and where it appears from the affidavit that the evidence is only impeaching and cumulative.

This defendant assigns numerous other grounds of error, but a careful examination of the record discloses that they are all without merit. The evidence introduced on the part of the state establishes the guilt of the defendant beyond a reasonable doubt, and a careful reading of the record shows that he received a fair trial, and that no error was committed prejudicial to his rights.

The judgment appealed from is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.