# ENOCH GOODBARRY v. STATE.

No. A-7689.  Opinion Filed March 14, 1931.
(296 Pac. 985.)

R. R. Rittenhouse, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of stealing a cow, and his punishment fixed at two years in the state penitentiary.

The evidence of the state is circumstantial and, briefly stated, is that at the time charged a cow was stolen from the lot of one Brown near the town of Carney. On the night of the theft, defendant was seen driving a Chevrolet coach with a trailer attached, which trailer was fitted with high sideboards such as is generally used for hauling cattle. The person who hauled the cow away from Brown's place was seen to leave there with this automobile and trailer

and was followed from that place to a point south of Chandler on the Meeker road. The next morning the stolen cow was found on the premises of a farmer about two miles south of Chandler on the Meeker road and the trailer was found on the premises of another farmer near by. Apparently the thief knew he was being followed and adopted this method of escaping detection. The trailer was identified as the property of a man named Soward, from whom defendant had borrowed it. There are other incriminating circumstances not detailed. No evidence was offered by defendant.

It is contended that the evidence is insufficient. We do not so read the record. There is ample evidence to sustain the verdict and judgment.

Complaint is made that the court permitted a witness to testify that shoes taken from the person of defendant against his will were placed in certain tracks at the scene of the crime and that they fitted. This, defendant contends, is in violation of article 2, § 21, of the Constitution, in forcing him to give evidence tending to incriminate himself. No authorities in support are cited. The question is not a new one. In Ricketts v. State, 23 Okla. Cr. 267, 215 Pac. 212, this court held:

"Forcibly taking shoes from a defendant under arrest for purposes of comparison of footprints does not violate his constitutional right not to be compelled to give evidence against himself.

"The constitutional provision against unreasonable searches and seizures does not prevent the introduction of evidence of a comparison of footprints with shoes forcibly taken from one accused of crime. * * *

"It is contended that the court erred in admitting the testimony of the witnesses as to the result of fitting the defendant's shoes with the tracks found near the place

where the theft was committed, in that the action of the sheriff in compelling the defendant to take off his shoes was in violation of the constitutional provision that 'no person shall be compelled to give evidence which will tend to incriminate him' (Const. art. 2, § 21), and also of the constitutional provision that 'the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated' (Const. art. 2, § 30)—citing State v. Sirmay, 40 Utah, 525, 122 Pac. 748, and Davis v. State, 131 Ala. 10, 31 So. 569. * * *

"After careful investigation we have reached the conclusion that the evidence in question was properly admitted. The history of the constitutional provision referred to clearly demonstrates that it was not intended to reach a case like this. Story's Constitutional Limitations, § 1788."

In Magee v. State, 92 Miss. 865, 46 So. 529, 532, it is said:

"There has been great confusion in some courts on this subject; but we do not see how it it possible, logically, to sustain an objection to compelling the defendant simply to put his foot in a track for the purpose of identification on the ground that he was privileged by the constitutional provisions referred to against being compelled to testify or to give evidence against himself. He is not, in such cases, giving evidence. He is not testifying as a witness. He is not delivering any testimonial utterance."

See, also, section 2263, p. 3123, Wigmore on Ev.; Morris v. State, 124 Ala. 44, 27 So. 336; State v. Fuller, 34 Mont. 12, 85 Pac. 369, 8 L. R. A. (N. S.) 762, 9 Ann. Cas. 648.

There was no error in the introduction of this testimony. No other question calling for any special discussion is presented.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.