### R. E. JOHNSON v. STATE.

No. A-8014.  Aug. 15, 1931.
Rehearing Denied Sept. 5, 1931.
(2 Pac. [2d] 601.)

Vance & Bliss and Hugh M. Bland, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county of larceny by fraud, and was sentenced to serve a term of four years in the penitentiary.

At the time charged defendant was manager of a gin belonging to the Muskogee Gin & Cotton Company. The evidence for the state discloses that he fraudulently issued a check on the gin company signed by himself as manager to one L. C. Cochran, in the sum of $128.30, that the check was not given for cotton, but was issued to Cochran without consideration on a prearranged plan by which Cochran would receive and cash checks and divide the proceeds with defendant. Cochran, who had pleaded guilty to the same charge and was serving a term in the penitentiary, testified for the state fully sustaining the charge.

Complaint is first made that the court erred in permitting the county attorney, after the trial had begun, to amend the information. The information alleged the owner of the money appropriated to be "Muskogee Gin and Cotton Company, a partnership composed of Muskogee Cotton Oil Company, a corporation, P. A. Norris and G. W. Croisant." During the course of trial, the county attorney, by leave of court, amended the information to allege the "partnership was composed of Muskogee Cotton Oil Company, a corporation, Choctaw Cotton Oil Company, a corporation, and G. W. Croisant."

Prosecuting officers should ascertain the necessary facts as to ownership before informations are filed. Amendments after the trial has begun should be allowed only when it can be done without prejudice to the rights of an accused. Section 2512, Comp. St. 1921; Lowe v. State, 7 Okla. Cr. 32, 121 Pac. 793; Leyerle v. State, 31

Okla. Cr. 179, 237 Pac. 871; Robards v. State, 37 Okla. Cr. 371, 259 Pac. 166; Orum v. State, 45 Okla. Cr. 193, 282 Pac. 899.

The amendment is one of form only, and could not have been prejudicial to defendant. The money obtained by the check in question belonged to the Muskogee Gin & Cotton Company. The actual condition of the legal title is of no particular consequence. Little v. State, 21 Okla. Cr. 1, 204 Pac. 305. Sec. 2560, Comp. Stat. 1921.

The contention is next made that there is no corroboration of the testimony of Cochran, the accomplice. The corroboration is largely circumstantial. Corroboration by circumstances is sufficient. Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676; Winfield v. State, 18 Okla. Cr. 257, 191 Pac. 609. While not attempting to enumerate all, these circumstances may be noted: That several other checks were issued by defendant to Cochran under similar conditions tending to prove a plan or scheme at about the time the check in question was issued. Also defendant wrote Cochran, and on an occasion or two met him at the bus station as he came to Muskogee for the different checks. Further, defendant deposited in a bank at Muskogee $440 during the month of October, only $75 of which was a salary payment.

Lastly, it is urged that the court erred in not instructing the jury they could not convict upon the testimony of an accomplice unless corroborated. This court has frequently held that, when a defendant requests an instruction in the language of section 2701, Comp. St. 1921, it is error for the court to refuse it. Logan v. State, 23 Okla. Cr. 316, 214 Pac. 944; Hewett v. State, 38 Okla. Cr. 105, 259 Pac. 144. No exceptions were taken to the instructions given, nor was there any request for any addi-

tional instruction. If counsel for a defendant are of the opinion that additional instructions should be given the jury, they should present them to the court in writing, with the request that they be given. Where no objection is made or exception taken to the instructions given by the court, and no request for additional instructions, error cannot be predicated upon the failure of the court to give any particular instruction. Sparks v. State, 34 Okla. Cr. 373, 245 Pac. 1061; Regier v. State, 30 Okla. Cr. 299, 235 Pac. 936; Duncan v. State, 41 Okla. Cr. 89, 270 Pac. 335; Carmichael v. State, 44 Okla. Cr. 160, 279 Pac. 515; Battles v. State, 45 Okla. Cr. 242, 282 Pac. 689.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.