### OLEN GROUNDS v. STATE.

No. A-10429. May 31, 1945.

(159 P. 2d 275.)

Utterback & Utterback, of Durant, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Alan B. McPheron, Sp. Co. Atty., of Durant, for defendant in error.

BAREFOOT, P. J. Defendant, Olen Grounds, was charged in the district court of Bryan county with burglary in the second degree, after having been convicted of the crime of burglary in the second degree in three other cases; was found guilty by the jury, and his sentence assessed by the court at 12 years in the State Penitentiary. From this judgment and sentence he has appealed.

In his brief, counsel for defendant sets out six assignments of error, and thereafter states:

"The alleged error committed by the court in overruling the motion for new trial includes and covers the errors of the court which we desire to present here, and which prejudicially affects the rights of this defendant."

The motion for new trial is on the ground of newly discovered evidence.

On the night of October 8, 1942, R. W. Harrison, a deputy sheriff of Bryan county, drove his car to a place called "Snug Harbor," near the river, in Bryan county. He was there about 20 or 30 minutes, returned to Durant, and later went to Bokchito. The next morning he discovered that the lock to the trunk of his car had been broken, and that a wheel, tire and tube were missing therefrom. Later that morning the tire and tube were found in defendant's car, at his place of business in Durant, but the wheel was never recovered.

Cliff Keirsey and Volly Ware, both deputy sheriffs of Bryan county, searched the place of business of the defendant in the city of Durant the morning of October 9, 1942. They found the tire and tube stolen from Mr. Harrison's car locked in the turtle back of defendant's car.

It is undisputed that the defendant, his wife, mother-in-law and sister-in-law were at Snug Harbor during the evening of October 8, 1942.

Defendant testified that he went to Snug Harbor on the night of October 8th as testified by his mother-in-law, Mrs. Mattie Riley. That after his wife, mother-in-law and sister-in-law went inside, he discovered that he had a flat tire and changed it, and put the wheel and casing between the seats of the car, and not in the back from where the spare had been taken. This evidence corroborated Mrs. Riley's testimony that he placed a wheel and tire in the car, while at Snug Harbor.

His defense was that after they returned home the night of October 8th, his brother-in-law, Marion Joe Bilton, approached him at his place of business, and offered to sell him a used tire. That he refused to buy it because of its condition, but gave Joe $1.50 at that time. That the following morning Joe Bilton and another boy came to his place of business in Durant with another tire, which was later identified as the tire stolen from Mr. Harrison's car, and offered to sell the same to him. He refused to buy the tire, and Joe asked him to let him have $2 on the tire, and he would return and redeem it. He did this, and when Joe did not return by 11 o'clock that morning, defendant placed the tire in the turtle back of his own car, and it was there that the officers found it. Defendant testified that he offered to give Joe Bilton

$50 if he would admit that he stole the tire. Joe Bilton was a witness for the state, and denied having delivered the tire to the defendant.

We have not stated all the circumstances which the jury had a right to consider in arriving at their verdict. Evidently they did not believe the story told by defendant. The testimony of the witnesses for the state, one of them the mother-in-law and one the brother-in-law of the defendant, together with other circumstances, were such as fully justified the jury in finding the defendant guilty. Hamilton v. State, 42 Okla. Cr. 159, 274 P. 1092; Donahue v. State, 38 Okla. Cr. 87, 250 P. 179; Stilwell v. State, 18 Okla. Cr. 10, 192 P. 253.

After a careful consideration of this case, we are of the opinion that the court did not err in overruling the motion for new trial because of newly discovered evidence.

Under the well established law in this state, this is a question within the sound discretion of the trial court, and the facts here presented do not justify a finding that this discretion has been abused.

The affidavit attached to the motion is made by J. F. Bilton, the father of Marion Joe Bilton and the father-in-law of the defendant. In the affidavit, he states that he saw his son Marion Joe Bilton and another boy talking to the defendant on the morning of October 9th and saw them deliver a tire to defendant, but he did not hear any of the conversation between them. J. F. Bilton lived in Durant, and had talked with the defendant, his son-in-law, with reference to this case numerous times. To grant a new trial upon such evidence as this as newly discovered testimony would be establishing a principle that would make it almost impossible to secure a conviction that would be sustained on a motion for new trial.

Taking into consideration the value of the property alone, the judgment and sentence of 12 years in the penitentiary might be considered excessive; but the record reveals that the defendant had previously pleaded guilty to burglary, second degree, in three cases in Bryan county, and was sentenced to serve two years in each case, the sentences to run concurrently; that during his term he escaped and received a six months sentence therefor; and that he had been convicted in Texas on a charge of robbery with firearms. From this record we do not find that justice requires a modification of this judgment and sentence.

The judgment of the district court of Bryan county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.