## COLUMBUS (City), Plaintiff-Appellee, v. THOMPSON, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4257. Decided May 26, 1949.

Richard W. Gordon, City Atty., Walter W. Grelle, Jr., Traffic Pros., Columbus, for plaintiff-appellee.
Isadore L. Margulis, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of conviction and sentence of the defendant of a charge of operating a motor vehicle while intoxicated. Appellant's brief concludes with four reasons upon which it is claimed the judgment should be reversed. There is but one question of substance presented on the appeal and that is, whether or not defendant's constitutional right under **Article I, Section X of the Ohio Constitution** has been infringed.

The defendant was arrested at about 5:50 P. M. but did not arrive at the City Prison until 7:30 to 7:45 P. M. At that time a specimen of his urine was taken.

The arresting officer testified that defendant turned to the left against a "No Left Turn" sign; that he was stopped. Upon inquiry, he said he had just left his work; that he quit work at 6:00 o'clock, although it was only then 5:50 P. M., and upon further inquiry said then it was 8:00 o'clock. The officer said that defendant swayed to some extent when he walked and that his breath smelled of alcohol and that it was his opinion that he was "pretty well under the influence". Upon inquiry of defendant if he wanted to submit to a urinalysis, he said twice that he did; that he wanted to do anything that would assist him in proving that he was not intoxicated. The arresting officer said that upon tests of the defendant at the City Prison, it was his judgment that the defendant was not then intoxicated. Lloyd M. Shoup, a chemist and biologist with the Department of Police, City of Columbus, who established his qualifications as an expert on the subject, testified that the sample of urine taken from the defendant on the evening of his arrest disclosed a percentage of alcohol which, in his judgment, established that the defendant was definitely under the influence of alcohol at the time that he was arrested.

The defendant did not take the stand. The only objection that was interposed to the testimony of the chemist was that he was not, from the test made, qualified to express an opinion as to the intoxication of defendant. No claim was interposed that the testimony of the chemist was equivalent to self-incrimination of the defendant under **Article I, Section X of**

the Ohio Constitution. This question was first raised on a motion for new trial.

Assuming that the question sought to be made is properly urged, we examine the constitutional provision, which is,

"No person shall be compelled, in any criminal case, to be a witness against himself; * * *."

Many cases hold that the protection herein accorded to a defendant is against testimonial compulsion only. In Ohio,— State v. Gatton, 60 Oh Ap, 192, 20 N. E. (2d) 192; State v. Nutt, 78 Oh Ap, 336, 20 N. E. (2d) 675. We will not pursue this question but assume further that the protection extends to a privilege to the defendant against the admission of evidence gained by physical examination or tests made upon defendant's body. There is unanimity of adjudication that the element of compulsion must appear before a defendant may claim the protection of the self-incriminating clause of the Constitution. Here, it is manifest that the defendant willingly submitted to the taking of his urine for the purpose of a test to determine whether or not he was intoxicated.

In State v. Cram, reported in 164 A. L. R. 958, Annotation at 976, it is said:

"It is well settled that the constitutional provision forbidding compulsory self-incrimination is not violated by a voluntary physical examination of a defendant in a criminal case and that testimony based on a voluntary examination is not excluded by such provision."

Cases from 13 states are cited to support the proposition and none to the contrary. A case almost identical in facts with this one is that of State v. Morkid, (Ia.) 286 N. W. 412. See also People v. Corder, 244 Mich. 274, 221 N. W. 309; Moos v. State, Ariz., 198 Pac. 288, 116 A. L. R. 369, 24 Iowa Law Review, 191.

Appellant cites Booker v. City of Cincinnati, 5 O. O. 433, 22 Abs 286, where Judge Gorman held that the testimony of the physician, based on urinalysis and linewalking test to which a defendant, accused of driving an automobile while intoxicated, was forced to submit, was inadmissible. However, it should be observed that as a premise for the conclusion drawn the court determined that the doctor, who was examined as an expert, testified over objection of counsel for the defendant and assumed further that the defendant was compelled to submit to the tests against his will. City of Toledo

v. Reeves, 12 O. O. 397, also cited, was not decided upon the constitutional question presented here.

No error assigned is established. The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.