# PAYNE v. STATE.

No. A-11593. Feb. 13, 1952.

(239 P. 2d 801.)

Pierce & Pierce, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, Carl Payne, defendant below, was charged with the commission of a felonious assault upon Jess Lightle on or about May 18, 1950, in the commission of the crime of robbery with firearms upon said Jess Lightle and the taking, stealing and carrying away of $1,497 of good and lawful money of the United States of America, with the intent to rob and deprive the said Jess Lightle of said property and convert the same to his own use and benefit. He was tried by a jury, convicted, his punishment fixed at confinement in the State Penitentiary for a term of 12 years, judgment and sentence entered accordingly, and from which this appeal has been perfected.

The facts involved herein are quite simple. The defendant Carl Payne and Troy Joe Potter, who was originally charged jointly in this action with the defendant herein, but who was granted a separate trial, on the 18th day of May, 1950, robbed Jess Lightle, a resident of Muskogee, Oklahoma, by means of and putting Lightle in fear of bodily harm through the use of a 38 caliber pistol. Mr. Lightle had disposed of some property earlier in the day, had gone to Tulsa, but had not gotten back in time to go to the bank and deposit the sum of $1,497. He left his home in Muskogee and went 2½ miles south of the city limits of Muskogee where he had a pasture. The object of his mission was to milk a cow he was pasturing there. He parked his car in front of the barn leaving the keys therein. He had just gone to feed an old cat, and when he turned around to leave, he was face to face with Carl Payne and Potter. Carl Payne held the 38 caliber pistol in his hand and demanded his money. They bound his hands and his feet with baling wire and pulled a tow sack down over his head. They then took his keys from the automobile and left on foot. As soon as they left, Lightle arose and hobbled out to the highway where he was discovered by a man by the name of Horace McReynolds. Mr. Lightle and McReynolds saw the defendant and Potter as they were fleeing south on foot. McReynolds who was in his car declined to give pursuit. About 7:30 that evening the defendant and Potter were apprehended on Highway 64 and positively identified by Mr. Lightle. They were further identified by the tracks that they left in the mud as they crossed certain lands. Later on, the officers through the aid of Potter who supplied the general location, found the pistol and the $1,497 by a clump of weeds about a quarter of a mile east of Highway 69 and south of the scene of the robbery. When the defendant Carl Payne and the Potter boy were arrested they were bareheaded. Their hats were found where they had discarded them. They were identified at the time of the robbery as wearing the two hats which had been discarded. A report had been sent out shortly after the commission of the crime and they had

been sighted in their flight by an airplane flying overhead, dipping its wings as indicative of the whereabouts of the robbers. The officers saw them as they came up out of the creek and placed them under arrest. On this evidence the defendants were convicted. The evidence is sufficient to support the verdict.

When Payne and Potter were arrested their shoes were taken away from them and together with certain peculiar marks of identification they fit perfectly into the plaster paris mold of the steps that they left in their flight. Objection was made to the introduction of this evidence. This was the only substantial objection made at the trial. The court properly overruled the objection and admitted the evidence under the authority of Nowlin v. State, 65 Okla. Cr. 165, 83 P. 2d 601; Ricketts v. State, 23 Okla. Cr. 267, 215 P. 212, holding in effect that the taking of shoes from a defendant, at the time of his arrest by the sheriff, to be used for the purpose of comparison of footprints does not constitute a violation of the defendant's constitutional right not to be compelled to give evidence against himself.

Where, as herein, no briefs were filed in support of an appeal, we examine the pleadings, instructions, record and judgment and the evidence being sufficient and no fundamental error appearing from the record, the law requires an affirmance. Whitlow v. State, 85 Okla. Cr. 2, 184 P. 2d 253. We are of the opinion that the judgment and sentence herein imposed should be and the same is hereby affirmed.

JONES, J., concurs.