Audie Lee RIDDLE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12188.

Criminal Court of Appeals of Oklahoma.

Oct. 5, 1955.

F. J. Lucas, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Audie Lee Riddle, defendant below, was charged, by information, in the Municipal Criminal Court of the City of Tulsa, Oklahoma, with the offense of operating a motor vehicle while under the influence of intoxicating liquor, T. 47, § 93, O.S.1951. The offense was allegedly committed on or about June 28, 1954, within the corporate limits of Tulsa, Tulsa County, Oklahoma; defendant was tried by a jury, convicted, his punishment fixed at a fine of $25; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The facts relied on by the State are briefly, as follows: It appears that on the 28th day of June, 1954, at the intersection of Fourth and Elgin Streets, in the City of Tulsa, the defendant was operating his 1947 Chrysler Sedan, and ran into the back of Mr. Howard Collins' automobile pro-

ceeding in the same direction. Another automobile was immediately in front of Mr. Collins, which stopped for the stop light at the intersection of Fourth and Elgin Streets, and Mr. Collins also stopped for the red light. The defendant did not get out of his automobile following the collision. Mr. Collins did obtain the defendant's name and license number, and informed him he would call a policeman. He testified he did not talk to him long enough to form an opinion relative to his condition.

Shortly thereafter, Officer A. R. Haddock appeared on the scene. He testified the defendant was standing right by the door of his car. The traffic was heavy, and he asked him to pull his car over to the curb; which the defendant did. He then proceeded to talk to the defendant and, it was his opinion that he had been drinking. When he got close to him, he could smell an alcoholic odor of some type. He further testified that defendant's speech was thick, and his eyes were red, and he told the defendant he was under arrest, and took him to the police station.

■ At the police station, Officer Haddock said he gave the defendant a manual test, and the Harger Breath-O-Meter test, unassisted, both of which the defendant took voluntarily. Toms v. State, 95 Okl. Cr. 60, 239 P.2d 812. During the manual test, the defendant was required to walk a straight line, stand with his feet together, with his eyes closed, and pick up coins from the floor. Officer Haddock said he got off of the straight line twice; was unsteady on his feet, fumbled the coins; when standing erect with his eyes closed, he could not touch his nose with his left and right forefinger. He asked the defendant if he had been drinking; he said the reply was he had been drinking some beers; two or three beers. He related that the Breath-O-Meter test indicated to him that the defendant had 0.19 of 1% alcoholic blood content. Notwithstanding the fact the defendant admitted he had drunk as many as three beers, he denied being drunk. Factually, this state of the record presents a conflict in the evidence which constitutes a question solely for the determination of the jury. Scott v. State, Okl.Cr., 279 P.2d 1113.

■■ Among the propositions urged by the defendant is, that the State failed to prove the Breath-O-Meter was in perfect working order, as a predicate to Officer Haddock's testimony. This point is wholly without merit on appeal, since no specific objection was made, and the same was not urged in the trial court. It has repeatedly been held that, where no specific objections are made to the admission of evidence to the trial court, counsel will not be heard to urge such objection for the first time on appeal. See Rosser v. State, 55 Okl.Cr. 185, 26 P.2d 769; Wheat v. State, 34 Okl.Cr. 82, 244 P. 821, and Cotts v. State, 34 Okl. Cr. 59, 244 P. 817.

■ The defendant urges that the lower court erred in admitting the testimony of Officer A. R. Haddock as an expert witness, concerning the results of the Harger breath test. The defendant urges testimony of Officer Haddock was insufficient to qualify him as an expert, in making the breath test. The challenge to Officer Haddock's qualifications is predicated upon the following questions and answers in the record:

"Q. Do you know the reaction of chemicals? A. No. sir.

"Q. How is the test given? A. It is given by using 10 ccs of sulphuric acid and 1 cc of potassium permanganate.

"Q. Have you ever had any special training in mixing those ingredients? A. Only measuring; I have measured them.

"Q. You don't know the effects of it? A. No, sir."

It is apparent that on the foregoing answers given by Officer Haddock relative to his qualifications, he did not possess that degree of knowledge necessary to meet the test of an expert. It does not appear on what his conclusions were based, but it is clear that he did not know the effects, and reactions, of the chemicals used. Hence, his qualifications were not properly established. We are of the opinion that an ex-

pert making the test should be competent to draw his own conclusions, based upon his knowledge of the chemical reactions of potassium permanganate, and sulphuric acid. It appears herein, that Officer Haddock was not so qualified. Apparently he did not draw his conclusions of the blood content, of defendant Riddle, from his own knowledge of chemical reactions, but predicated his conclusions upon something some one else had prepared for him. Such conclusion, therefore, is based not on personal knowledge as an expert, but upon hearsay, and is therefore incompetent.

We are of the opinion that, in addition to the requirements heretofore established in Toms v. State, supra; McDaniel v. State, 95 Okl.Cr. 311, 245 P.2d 771; Lombness v. State, 95 Okl.Cr. 214, 243 P.2d 389; Hinkefent v. State, Okl.Cr., 267 P.2d 617, and Logan v. State, Okl.Cr., 269 P.2d 380, that the test announced in Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93, 96, cited and relied on by the defendant, should be followed. Therein, the evidence was rejected, on the objection the record did not establish defendant's competency to draw conclusions on his own observations, but indicated that his conclusions were based on a chart prepared by others. In the Hill case, supra, it was held such evidence was hearsay, and inadmissible. The Texas Court of Criminal Appeals said:

"It is then apparent that the proof in the case at bar is lacking in what we consider to be three essentials to the admissibility of evidence as to the results of such tests, as follows:

"1. Proof that the chemicals were compounded to the proper percentage for use in the machine.

"2. Proof that the operator and the machine were under the periodic supervision of one who has an understanding of the scientific theory of the machine.

"3. Proof by a witness who was qualified to calculate and translate the reading of the machine into the percentage of alcohol in the blood; that is, one who could eliminate the hearsay evidence mentioned earlier.

"We felt that the type of supervision shown in the McKay case was abundantly sufficient and are convinced that some type of scientific supervision should be shown in order to make the results of the test admissible in evidence."

In the case at bar, it appears that Officer Haddock may have been competent to measure the chemicals used in making the test, and that he may have been under some sort of supervision. However, it does not clearly appear that the supervision to which he was subjected in his training period, continued over to the test made in this case and, as already heretofore alluded to, we do not believe that Officer Haddock's qualifications to make necessary conclusions were sufficiently established. Where breath tests are involved, certainly the defendant should not be bound by the testimony of one whose conclusions are not based on his own personal knowledge of chemical reactions, but are a matter of hearsay, or speculation. Because of Officer Haddock's inability to make conclusions based upon his own technical skill and knowledge, we are of the opinion, that the defendant's objection as to his qualifications was valid, and should have been sustained by the trial court, and the trial court's failure so to do is reversible error.

■■ The State apparently realized this weakness in offering the testimony of Dr. Van Pelt to bolster Officer Haddock's evidence. Dr. Van Pelt testified that one who had 0.19 of 1% alcoholic blood content would be under the influence of intoxicating liquor. This evidence would have been admissible had it been predicated on the testimony of one whose qualifications to draw conclusions was not a matter of doubt. Brown v. State, 9 Okl.Cr. 382, 132 P. 359; Bingham v. State, 82 Okl.Cr. 5, 165 P.2d 646, holding: "Expert testimony may be given as to matters which come within the actual knowledge of the witness, applicable to the evidence in the case, and also in reply to hypothetical questions". Dr. Van Pelt's testimony could not cure the patent defect in Officer Haddock's lack of qualifications.

Next, the defendant urges that the court erred in not giving the jury an instruction on the legal effect of expert testimony. The record discloses that the defendant did not request that the trial court so instruct the jury on the weight to be accorded expert testimony. On this point we have repeatedly held that, where no request is made by the defendant, for instructions, error cannot be predicated upon the failure of the trial court to give a particular instruction. Johnson v. State, 52 Okl.Cr. 86, 2 P.2d 601; Sparks v. State, 34 Okl.Cr. 373, 245 P. 1061, and numerous other cases.

Moreover, the State urges that:

"Only questions which were raised in the trial court and an adverse ruling thereon, exceptions taken, and then incorporated in a motion for new trial, and assigned as error in the petition in error, will be considered on appeal, except that jurisdictional questions may be raised at any step of the case."

Staley v. State, 97 Okl.Cr. 114, 259 P.2d 545. However, in view of the fact this case must be retried, the approved instruction in Miller v. State, 9 Okl.Cr. 255, 131 P. 717, L.R.A.1915A, 1088, on expert testimony, should be given.

"Gentlemen of the jury, the court has permitted expert testimony to be given in the trial of this case and in this connection the court instructs you that the opinions of expert witnesses are to be considered by you in connection with all other evidence in the case. You are not to act upon such opinion to the exclusion of other testimony. In determining the weight of the testimony of expert witnesses, you are to apply the same general rules that we applied to the testimony of other witnesses. Taking into consideration the opinions of the expert witnesses, together with all other evidence, you are to determine for yourselves, from the whole evidence, whether it establishes the guilt of the defendant beyond a reasonable doubt, as charged in the information."

For all the reasons hereinbefore set forth, this cause is accordingly reversed and remanded for a new trial.

JONES, P. J., and POWELL, J., concur.