**Lavern E. ROMJUE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13244.**

Court of Criminal Appeals of Oklahoma.

Oct. 3, 1962.

Rehearing Denied Oct. 31, 1962.

John B. Doolin, Alva, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the County Court of Major County, wherein Plaintiff in Error, Lavern E. Romjue, hereinafter referred to as defendant, was charged with operating a motor vehicle while under the influence of intoxicating liquor. He was tried by jury, found guilty and punishment was fixed at ten (10) days in the County Jail and assessed a fine of $50.

It is contended by the defendant that the evidence was insufficient to support the verdict of the jury.

We have carefully examined the record and are of the opinion that the evidence, although sharply conflicting, was sufficient to support the jury's verdict. Under such circumstances, we follow the rule that:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Court of Criminal Appeals will not interfere with verdict even though there is a sharp conflict in the evidence and dif-

ferent inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts." Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479. See also, Staley v. State, Okl.Cr., 264 P.2d 387; Hinkefent v. State, Okl.Cr., 267 P.2d 617; Beavers v. State, 282 P.2d 783; Petty v. State, Okl.Cr., 283 P.2d 209; Lane v. State, Okl.Cr., 357 P.2d 445.

■ There are other assignments of error argued on appeal which were not properly preserved in the record, nor presented to the trial court in the defendant's motion for new trial.

We have repeatedly held that:

"Errors to which no exceptions were taken will not be considered on appeal unless they are jurisdictional or fundamental in character." Williams **v.** State, Okl.Cr., 373 P.2d 85.

Examination of the record in the instant case discloses that it is free from fundamental error prejudicial to the accused, and we are therefore of the opinion that the judgment and sentence appealed from should be, and the same is hereby,

Affirmed.

NIX, P. J., and BRETT, J., concur.

Rehearing Denied Oct. 31, 1962.