**James Perry JOHNSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15868.**

Court of Criminal Appeals of Oklahoma.

July 28, 1971.

Andrew T. Dalton, Jr., Public Defender, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

James Perry Johnson, hereinafter referred to as defendant, was charged, tried, and convicted at a non-jury trial in the District Court of Tulsa County of the offense for Driving a Motor Vehicle While Under the Influence of Liquor, Second and Subsequent Offense. His punishment was fixed at three years imprisonment, and from judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, the party stipulated that the evidence adduced at an Evidentiary Hearing, as well as the evidence adduced at the Preliminary Hearing, would be submitted

to the court for consideration. The evidence reflected that the arresting officer observed the defendant operating his motor vehicle in Tulsa County in an extraordinary manner, to-wit, weaving from the center line to the curb, and exceeding the speed limit. After removing the defendant from the vehicle, the defendant was unable to walk in a normal manner, his breath smelled of intoxicating beverages, and his speech was incoherent. The defendant agreed to submit to a breathalyzer test, and the result of said test showed .275 of one per cent of alcohol in the defendant's blood.

■ The first proposition asserts that the evidence is insufficient to sustain the conviction for the reason there was no proof by a qualified witness to translate the breathalyzer reading into an effect upon the human system. The defendant cites Riddle v. State, Okl.Cr., 288 P.2d 761 (1955). Alexander v. State, Okl.Cr., 305 P.2d 572 (1956), and Penny v. State, Okl. Cr., 410 P.2d 553 (1966), which set forth the then-existing three prerequisites required for the admissibility of a chemical test, one of which required proof by a witness who was qualified to calculate and to translate the reading of the machine into the percentage of alcohol in the blood; that is, one who could eliminate the hearsay evidence. We are of the opinion that the above cited cases are distinguishable from the case at bar.

The applicable Oklahoma Statutes, 47 O.S.Supp.1969, § 751 to 760, inclusive, became effective on January 1, 1969, prior to defendant's conviction and subsequent to the authority quoted in defendant's brief. In § 759, it is provided:

" * * * Chemical analysis of the person's blood or breath to be considered valid under the provisions of this act shall have been performed according to methods approved by the Board of Chemical Tests for Alcoholic Influence and by an individual possessing a valid permit issued by the Board for this purpose. * * *"

The officer who administered the test testified as follows:

"Q. Officer, let me back up here just a minute. What training, if any, have you had in relation to the operation of this machine?

"A. I am licensed by the State of Oklahoma to operate it. I've had 40 hours of training at the Kellogg Institute at Oklahoma University." (Tr. 8)

We, therefore, conclude that the State's witness was qualified to testify as to the reading of the breathalyzer.

■ The defendant's next proposition asserts that the statutory presumption of guilt set forth in O.S. 47, § 756, is unconstitutional because it denies the defendant due process of law. This statute provides in part:

"(c) evidence that there was fifteen-hundredths of one per cent or more by weight of alcohol in his blood shall be admitted as prima facie evidence that the person was under the influence of alcohol or intoxicating liquor; * * *."

Defendant cites the case of Payne v. State, Okl.Cr., 435 P.2d 424 (1968). We have examined this authority and find that the same is distinguishable from the case at bar. In *Payne, supra,* we held that the statutory presumption that a person in possession of stolen property who knew it to have been stolen was arbitrary and unconstitutional. The general rule concerning this question is found in 61A C.J.S. Motor Vehicles § 633(2), which states:

"The presumption is rebuttable and not conclusive. In and of itself it may be insufficient and require other evidence to give it proper perspective in determining the ultimate fact concerning intoxication. It does not shift the burden to accused to prove that he was not under the influence of intoxicating liquor when driving, nor does it change the ultimate burden of proof or deprive accused of the presumption of innocence; but it is exceedingly strong proof.

"The presumption is relevant only to the issue of intoxication and arises only where accused is arrested or prosecuted for operating a motor vehicle while in an intoxicated condition. It is not a presumption that accused is guilty of the offense with which he is charged, and all presumptions or inferences arising therefrom are subordinate to the fundamental presumption of innocence which cloaks the motorist throughout the case."

We, therefore, find this proposition to be without merit.

■ The final proposition asserts that the punishment imposed is excessive. The Record reflects that the court considered the defendant's past record of 31 Drunk convictions, a prior conviction for Driving While Under the Influence, After Former Conviction, and numerous Misdemeanor convictions necessitating the punishment. We cannot conscientiously say that the three-year sentence imposed shocks the conscience of this Court. The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.