Bobby Gene MILLER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18042.

Court of Criminal Appeals of Oklahoma.

March 28, 1973.

Rehearing Denied April 5, 1973.

Wendell E. Wightman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Bobby Gene Miller, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRM–72–1052, of the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor and sentenced to a term of imprisonment of ninety (90) days and a fine of five hundred dollars ($500), and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Trooper John Epple, of the Oklahoma Highway Patrol Department, testified first for the State. Trooper Ep-ple testified that at approximately 5:00 a. m. on June 21, 1972, he was standing beside his car at the intersection of S.E. 59th and Mable Streets in Oklahoma City, Oklahoma. He observed three vehicles coming in his direction from the east. The lead vehicle was weaving very badly and he observed the vehicle cross the center of the roadway approximately three times. Trooper Epple then stepped into the center of the roadway and waived his flashlight, hollered and whistled in an attempt to stop the driver. At this point, the vehicle almost struck him. After stopping the vehicle, he advised the defendant to step out and step to the rear of the vehicle. Officer Epple then testified that the defendant had to use the side of the vehicle to steady himself, he had difficulty getting his driver's license out, he had a strong aroma of alcohol coming from his breath, his eyes were bloodshot and his speech was somewhat slurred. Officer Epple then testified that in his opinion the defendant was intoxicated. After ascertaining the defendant was intoxicated, Officer Epple placed the defendant under arrest and read him his constitutional rights and his rights under the implied consent statute. The defendant at this time stated he would submit to a breath test.

Trooper Wiley Pitts next testified for the State. He testified he had been employed as a trooper with the Oklahoma Highway Patrol for a period of two years and that he had taken a forty hour course which covered the operation of a breathalyzer machine. He further testified that he had taken his bi-annual requalification course and his permit to administer breath tests was number 1014. Officer Pitts then testified that at approximately 6:11 a. m. he administered a breathalyzer test to the defendant. He testified the breathalyzer reflected a reading of .225 blood alcohol content. Officer Pitts then testified that prior to administering the breath test he had observed the defendant for a period of fifteen minutes to assure that nothing went into the defendant's mouth, that he purged the machine of any alcohol that might

have been left from a prior test, that after making the test he tested the machine for accuracy with a simulater ampule with a known solution and the machine checked out within tolerance.

The defendant did not take the stand or offer any evidence in his behalf.

Defendant presents his argument under one proposition which contains numerous assignments of error.

Defendant first contends that the evidence was not sufficient to support the verdict. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. See Turner v. State, Okl.Cr., 479 P.2d 631 (1971).

 Defendant next contends that Trooper Pitts failed to establish that he was an expert and he did not follow the procedure as set forth by the Board of Chemical Tests for Alcoholic Influence and, therefore, the result of the breathalyzer test was inadmissible. We do not agree. The record reveals that Trooper Pitts was properly qualified to testify as to the reading of the breathalyzer and that he did substantially follow the procedure as outlined by the Board of Chemical Tests for Alcoholic Influence. See Johnson v. State, Okl.Cr., 487 P.2d 1005 (1971).

Defendant last contends that his arrest was unlawful for two reasons. First, the arresting trooper had no jurisdiction within Oklahoma City, Oklahoma, to set up a "road block", and, secondly, that the road block was a mere subterfuge. Under defendant's first reason, he contends that Title 47 O.S.1971 § 2–117 limits the authority of the Highway Patrol to "highways" as opposed to streets, boulevards, alleys, avenues, etc. Title 47 O.S.1971 § 1–122 defines highways as follows:

"The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

We therefore find no merit under defendant's first argument.

 Under defendant's second argument that his arrest was a subterfuge, the record reveals that Trooper Epple observed the defendant's automobile weaving back and forth across the center of the road. Title 22 O.S.1971 § 196 states in part:

"A peace officer may, without a warrant, arrest a person:

1. For a public offense, committed or attempted in his presence. . . ."

We therefore find this argument to be without merit. Judgment and sentence affirmed.

BRETT and BUSSEY, JJ., concur.