**J. D. VARNER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16828.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

J. Edwin Carman, Duncan, Rogers, Travis & Jordan, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

J. D. Varner, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Stephens County, Oklahoma for the offense of Operating a Motor Vehicle under the Influence of Intoxicating Liquor, Second and Subsequent Offense. His punishment was fixed at three (3) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Trooper Allen testified that at approximately 12:00 o'clock a. m. on August 29, 1970, he observed the defendant backing his pickup north in the south-bound portion of the south-bound lane on Highway 81 in Stephens County. When the defendant dismounted from his vehicle, the officer observed that the defendant's speech was slurred, his face was flushed, his eyes were blood-shot, and his balance was impaired. He testified that the defendant had the odor of alcohol about his person, and that in his opinion, the defendant was intoxicated. Defendant was placed under arrest and taken to the Duncan Police Department, where the defendant agreed to submit to a breathalyzer test. The result of that test showed a blood-alcohol content of .32.

Captain Dudley of the Duncan Police Department testified that he had undergone 80 hours of training with the breathalyzer, that the breathalyzer at the Duncan Police Department was checked on August 11, August 18, August 25, and September 1, 1970, and that each test reflected that the machine was operating properly.

For the defense, John Varner, the defendant's father, testified that the defendant visited at his home from 6:30 to 10:30 p. m., and that the defendant was not intoxicated, nor did he drink any alcoholic beverages during that period of time.

Howard Henderson, the defendant's stepson-in-law, testified that the defendant came into the Davis Inn at Marlow at approximately 11:00 o'clock p. m., that the defendant stayed for approximately 30 minutes, and that he consumed two beers. At the time the defendant left, he was not intoxicated.

Wilburn McCarley testified that on August 27, 1970, the defendant transported him home in his pickup, and that he left a bottle of wine under the seat of McCarley's pickup without telling the defendant.

Watt Wilson testified that he observed the defendant after he was placed under arrest at the Davis Inn. He testified that, in his opinion, the defendant was not under the influence of alcohol.

Velma Varner, the defendant's wife, testified that she went with Watt Wilson to get the defendant's pickup at the Davis Inn, and that, in her opinion, the defendant was not intoxicated.

In rebuttal, Linda Sanders testified that on the evening in question she was employed at the Davis Inn in Marlow. The defendant came to the Inn at approximately 9:00 o'clock p. m., and was quite inebriated. Defendant remained approximately three hours, and upon leaving, he still appeared to be drunk. Some time in September, the defendant came into another club one night, and told her that he was going to have her subpoenaed, and that she was to testify that he was not drunk. She informed the defendant that she would not do it, because the only thing she could testify to would be harmful to the defendant. Previous conviction was stipulated and proven.

The sole proposition asserts that "the trial court committed fundamental error in giving Instructions Number Four and Five, which purport to make proof of a given intoximeter reading prima facie or presumptive evidence of the ultimate fact of intoxication and shift the burden of proof from the state to the defendant, thereby destroying the defendant's constitutional presumption of innocence. In dealing with a similar proposition in the recent case of

Johnson v. State, Okl.Cr., 487 P.2d 1005, we stated:

"The defendant's next proposition asserts that the statutory presumption of guilt set forth in O.S. 47, § 756, is unconstitutional because it denies the defendant due process of law. This statute provides in part:

'(c) evidence that there was fifteen-hundredths of one per cent or more by weight of alcohol in his blood shall be admitted as prima facie evidence that the person was under the influence of alcohol or intoxicating liquor; * *.'

"Defendant cites the case of Payne v. State, Okl.Cr., 435 P.2d 424 (1968). We have examined this authority and find that the same is distinguishable from the case at bar. In Payne, supra, we held that the statutory presumption that a person in possession of stolen property who knew it to have been stolen was arbitrary and unconstitutional. The general rule concerning this question is found in 61A C.J.S. Motor Vehicles, § 633(2), which states:

'The presumption is rebuttable and not conclusive. In and of itself it may be insufficient and require other evidence to give it proper perspective in determining the ultimate fact concerning intoxication. It does not shift the burden to accused to prove that he was not under the influence of intoxicating liquor when driving, nor does it change the ultimate burden of proof or deprive accused of the presumption of innocence; but it is exceedingly strong proof.

'The presumption is relevant only to the issue of intoxication and arises only where accused is arrested or prosecuted for operating a motor vehicle while in an intoxicated condition. It is not a presumption that accused is guilty of the offense with which he is charged, and all presumptions or inferences arising therefrom are subordinate to the fundamental presumption of innocence which cloaks the motorist throughout the case.'"

We, therefore, find this proposition to be without merit.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.