Lewis B. EASDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 53493.

Court of Criminal Appeals of Texas.

June 14, 1977.

Paul J. Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tatum, Rider Scott and Ron Poole, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated. The punishment is confinement in the county jail for 10 days and a fine of $500.00.

The appellant, in his sole ground of error, asserts that the trial court erred in charging the jury that a person who drives a motor vehicle on a public highway when there is 0.10 percent alcohol in his blood is presumed to be intoxicated.

The appellant was observed driving a pickup truck in an erratic manner on a freeway in Dallas at approximately 6:00 p. m. on July 3, 1974. After crossing several lanes of traffic the pickup truck driven by the appellant sheered off a light pole and came to a stop. In the opinion of two witnesses who observed the incident and who observed the appellant after the collision, the appellant was extremely intoxicated. In the opinion of a police officer who investigated the collision, the appellant was highly intoxicated. The appellant was taken from the scene of the collision to Parkland Hospital where a sample of his blood was taken at about 8:20 p. m. A chemist who analyzed the blood sample testified that it contained .21 percent alcohol.

Article 6701*l*–5, Sec. 3(a), V.A.C.S., provides:

"Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle and while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor."

V.T.C.A. Penal Code, Section 2.05, guides the court in submitting charges on statutory presumptions. This section provides:

"When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

"(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

"(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

"(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

"(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but is not bound to so find;

"(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

"(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose."

The Court, over a timely objection, on the same grounds as are now urged on appeal, charged the jury as follows:

"You are further instructed that as a part of the law in this case the statutes of the State of Texas provide that it shall be presumed that any person who drives a motor vehicle is under the influence of intoxicating liquor, if there was, at the time that the person so drove, 0.10 percent or more by weight of alcohol in the person's blood, as shown by chemical analysis of the person's blood, breath, urine or any other bodily substance.

"(A) The facts giving rise to the presumption must be proven beyond a reasonable doubt;

"(B) if such facts are proven beyond a reasonable doubt you may find that the element of the offense sought to be presumed exists, but you are not bound to so find;

"(C) even though you may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

"(D) if you have a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and you shall not consider the presumption for any purpose."

The appellant asserts the charge, which was submitted to the jury, was in conflict with the presumption of innocence, and was an instruction for the jury to return a verdict of guilty. The appellant also asserts the charge was a comment on the weight of the evidence and violated the provisions of Article 36.14, V.A.C.C.P., which prohibits the court from expressing any opinion on the weight of the evidence or summing up testimony in the charge.

■ The charge submitted to the jury is based on Article 6701*l*–5, Sec. 3(a), V.A.C.S. and V.T.C.A. Penal Code, Section 2.05. A statutory presumption permits an inference to be drawn from proof of certain facts. In this instance the statute permits the jury to infer that a person is intoxicated if it is proved that there was 0.10 percent alcohol in his blood when he drove a motor vehicle on a public highway. The state is not relieved of the burden of proving each element of the offense beyond a reasonable doubt. In order to take advantage of the presumption the state must prove each fact giving rise to the presumption beyond a reasonable doubt. Even if the jury finds that the facts giving rise to the presumption are proven beyond a reasonable doubt, the jury is not required to presume the fact or element of the offense.

■ The charge submitted to the jury does not conflict with the presumption of innocence and does not shift the burden of proof to the accused. The charge did not violate the appellant's constitutional rights. Cf. *Kay v. United States*, 255 F.2d 476 (4th Cir. 1958); *Varner v. State*, 493 P.2d 452 (Okla.Cr.1972); *State v. Bailey*, 184 Kan. 704, 339 P.2d 45 (1959); *State v. Protokowicz*, 55 N.J.Super. 598, 151 A.2d 396 (1959). See also 61A C.J.S. Motor Vehicles § 633(2) and 633(3). The charge was not an instruction to the jury to return a guilty verdict.

■ When a court instructs a jury on a presumption created by statute, it is not a comment on the weight of the evidence. It is instead a statement of the law applicable to the case. Soules, Presumptions in Criminal Cases, 20 Bay.L.Rev. 277, 288 (1968). To hold otherwise would render V.T.C.A. Penal Code, Section 2.05 meaningless. Section 2.05, supra, specifically authorizes the

court to instruct the jury on a presumption established by the penal code or another penal law. Article 6701*l*–5, V.A.C.S., is "another penal law" within the meaning of Section 2.05, supra. The court's instruction did not violate Article 36.14, V.A.C.C.P. No error is shown.

The judgment is affirmed.

Opinion approved by the Court.