**Robert Alan HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0211–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1982.

Leonard Roth, Houston, for appellant.

John B. Holmes, Jr., Houston, Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and DOYLE and STILLEY, JJ.

## OPINION

DOYLE, Justice.

The appellant was convicted by a jury of possession with intent to promote an obscene device, namely, twenty-nine dildos. The court assessed a $350 fine as punishment.

On December 10, 1979, officer Rossi, a detective in the Houston Police Department, went to the concession stand of a mini drive-in theater located on the Beaumont Highway in Harris County. At one end of the concession counter, food items were displayed. At the other end, two items identified as dildos were displayed. He purchased one of the two dildos on display and while doing so noticed eight to ten more of these devices displayed on a shelf behind the counter. He obtained a search warrant, returned the next day, offered to purchase several dildos and when the appellant consented to sell them, Detective Rossi identified himself and served the warrant. The appellant, who had previously identified himself as the manager of the theater, was arrested and charged with violating the provisions of Sec. 43.23(c)(1), V.A. P.C. which provides:

> (c) A person commits an offense, if, knowing its content and character, he:
>
> > (1) promotes or possesses with intent to promote any obscene material or device;

Section 43.21(a)(5), V.A.P.C. provides:

> "Promote" means to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or argue to do the same.

Section 43.21(a)(7), V.A.P.C. provides:

> "Obscene device" means a device, including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs.

"Dildo" is defined in Webster's New Collegiate Dictionary (1979) as an object serving as a penis substitute for vaginal insertion.

In his first four grounds of error the appellant urges that Sections 43.21 and 43.-23, V.A.P.C. are unconstitutionally vague and overbroad. The appellant has taken a "shotgun" approach in his attack on this legislation and many of his contentions re-

garding the facts surrounding his conviction are not applicable to the sections attacked and in many of his grounds of error he attacks sections of the statute which had no bearing on his conviction. We also note that the appellant's brief was filed before the opinion in *Red Bluff Drive-In, Inc. et al. v. Vance,* 648 F.2d 1020 [5th Cir.] 1981, was promulgated. The only parts of Sec. 43.21 material to the appellant's case are subsections (a)(5), defining "promote" and (a)(7) defining an "obscene device". *Red Bluff* held the latter to be constitutionally proper and refused to rule the former unconstitutional because of overbreath without first affording Texas courts an opportunity to find marital, medical, and other necessary exceptions narrowing the scope of definition. There is no showing that any exceptions such as medical or marital privacy would be available to the appellant. All of the appellant's grounds of error attacking the constitutionality of Sec. 43.21 are overruled.

In the appellant's ground of error five, he complains that subsections (e) and (f) of Sec. 43.23 are unconstitutional because they shift the burden of proof to the appellant on the essential elements of the offense. These subsections read as follows:

(e) a person who promotes or wholesale promotes obscene material or an obscene device or possesses the same with intent to promote or wholesale promote it in the course of business is presumed to do so with knowledge of its content and character.

(f) a person who possesses six or more devices or identical or similar obscene articles is presumed to possess them with intent to promote the same.

Despite objections lodged by the appellant, the jury was given the following instruction:

A person who possesses an obscene device with intent to promote it in the course of his business is presumed to do so with knowledge of its content and character. A person who possesses six or more obscene devices or similar obscene articles is presumed to possess them with intent to promote the same.

In *Skinner v. State,* —— S.W.2d —— (Tex.App.1982) (No. 01–81–0672 Cr, Opinion dated August 12, 1982, not yet reported) this court held 43.23(e) to be facially unconstitutional as in violation of the First, Fifth and Fourteenth Amendments to the United States Constitution. The reasons given in that opinion for its holding regarding subsection (e) are equally applicable to 43.23(f) and we hold that this subsection is also in violation of the First, Fifth and Fourteenth Amendments of the United States Constitution. However the facts in our case are substantially different from those in *Skinner, Id.* In *Skinner,* the appellant was an employee of an adult movie theater with no readily apparent knowledge of the product being promoted. In our case, the appellant acknowledged that he was the manager, the product promoted was obviously an object proscribed by the statute, and the promotion was being done personally by the appellant.

Without the presumptions created by the 43.23(e) and (f) there was sufficient evidence to convict the appellant under the valid sections of 43.23. However, the court's charge on the effect of 43.23(e) and (f) constitutes reversible error, and the judgment of the trial court is therefore, reversed and the cause remanded.