**Willie Ann SKINNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0672–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 12, 1982.

Discretionary Review Refused
Dec. 8, 1982.

Mary M. Rawlins, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before EVANS, C.J., and BASS and WARREN, JJ.

## OPINION

BASS, Justice.

This is an appeal from a conviction for the promotion of obscenity.

The judgment is reversed and the cause is ordered dismissed.

On August 13, 1980, Officers Hugo and Farrell of the Houston Police Department, Vice Division, made a routine investigation of the Cinema West Theatre for violations of the Texas Obscenity Laws. After paying the admission price the officers watched two movies entitled "Cry for Cindy" and "Sensational Jenine." Officer Hugo recorded a description of each scene into a tape recorder. On the basis of Officer Hugo's affidavit, a justice of the peace granted the officers a search warrant authorizing them to seize the motion picture film, "Cry for Cindy," along with other evidence tending to show that the film had been promoted in violation of the Texas Obscenity Laws. They were further commanded to arrest a female, name unknown, who was believed to be engaged in the promotion of the film.

On August 14, 1980, Officers Hugo and Farrell went back to the Cinema West Theatre and purchased their admission from the appellant. At the conclusion of the movie, the officers handed the search warrant to her. They ordered the projectionist, Mr. Newman, to remove the film, "Cry for Cindy," and put it on five separate reels. They also seized one poster, a daily box office report, a program time schedule, a coming attractions sheet and a note written by someone named Kathy.

On August 18, 1980, Officer Farrell procured a warrant for the appellant's arrest on the basis that the appellant had knowingly and intentionally exhibited to him obscene material, namely the film "Cry for Cindy."

At a jury trial, the State produced evidence that on the date in question, the appellant had been working at the cashier's booth in the lobby of the theater while the movie, "Cry for Cindy," was being shown in the screen room.

The appellant testified in her own defense that she was a twenty-year-old senior student at Texas Southern University, majoring in hospital administration; and that she had been working the six-to-midnight shift at the theater for about a month. She described her position as cashier and concession girl, saying she took the admission fees, sold refreshments and occasionally helped clean up the theater after performances. She stated she was not a manager, had no ownership interest in the theater, had never viewed the movie, "Cry for Cindy," and did not know the content of the film, although she had known that it was X-rated. She had seen only one film at the theater entitled "Alice in Wonderland," and she believed it was X-rated. She admitted knowing that the Cinema West Theatre showed X-rated, adult movies; and she had observed a sign, attached to the side of the cashier's counter, warning patrons: "If you might be offended by viewing human nudity, or sexual acts between consenting adults, do not enter."

The jury found the appellant guilty and assessed her punishment at a $20.00 fine. The trial court granted a new trial to the appellant because of a defect in the court's charge to the jury, and the new trial was before the court. The State and the defense entered into a stipulation that all the testimony, objections, and rulings by the Court in the prior trial would be reconsidered in the new trial. The court found the appellant guilty and assessed punishment at a fine of $20.00.

The appellant raises twenty-six grounds of error on appeal.

In ground of error twenty, the appellant asserts that Section 43.23 of the Texas Pe-

nal Code, upon which the information against the appellant was based, is unconstitutional facially and as applied to the appellant's case, because subsections 43.-23(e) and (f) contain presumptions of law which are violative of the First, Fifth and Fourteenth Amendments to the United States Constitution. The appellant argues in ground of error twenty-one that the trial court erred in finding the appellant guilty because there was insufficient evidence to prove that the appellant knew the content and character of the allegedly obscene movie, "Cry for Cindy."

The information against the appellant reads in pertinent part:

[T]he Defendant, heretofore on or about AUGUST 13, 1980, then and there unlawfully and knowing the content and character of the material, intentionally exhibit[ed] to O.W. FARRELL obscene material, namely a film entitled, "CRY FOR CINDY", which depicts patently offensive representations of actual or simulated sexual intercourse and anal sodomy and oral sodomy.

Section 43.23 reads:

§ 43.23. Obscenity

(e) A person who promotes or wholesale promotes obscene material or an obscene device or possesses the same with intent to promote or wholesale promote it in the course of his business is presumed to do so with knowledge of its content and character.

Tex.Penal Code Ann. § 43.23 (Vernon Supp. 1982).

The appellant raised the constitutional issue in her Motion to Quash the Information, which was overruled. During the first trial, the Court instructed the jury in accordance with Sections 43.21 and 43.23, giving the statutory presumption contained in subsection 43.23(e). The appellant objected to the Court's instructions concerning the statutory presumption and requested an instruction on the effect of legal presumptions, which were overruled. Although the second trial was not before a jury, we must assume the trial judge gave effect to the legal presumption contained in subsection

43.23(e). *Stonelake v. State,* 638 S.W.2d 619.

Thus, we will review the constitutional validity of subsection 43.23(e).

The Texas Obscenity Statute was rewritten in 1979 to conform to the dictates of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and in *Red Bluff Drive-In, Inc. v. Vance,* 648 F.2d 1020 (5th Cir.1981), *cert. denied,* 455 U.S. 913, 102 S.Ct. 1264, 71 L.Ed.2d 453 (1982), the Fifth Circuit affirmed the federal district courts' judgments upholding the constitutionality of the statute, except as to those parts of the judgments which had upheld the facial validity of subsections 43.21(a)(4), 43.-21(a)(5), 43.23(e), and 43.23(f). The Fifth Circuit questioned the validity of these four subsections, but it abstained from ruling on their constitutionality to give the Texas state courts the opportunity to construe them in a constitutional manner. Subsection 43.23(e) creates a presumption that the defendant had "knowledge" of the contents and character of the obscene material or device once it is established that the defendant promoted it, wholesale promoted it, or possessed the same with the intent to promote it or wholesale promote it, in the course of his business.

It is argued that this presumption eliminates "scienter" as an element of the crimes of promotion and of wholesale promotion of obscenity.

The United States Supreme Court has repeatedly held that:

"the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

*In Re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). There is a need, however, for certain statutory presumptions to aid the State in its prosecution. Consequently, the Supreme Court has articulated standards for determining whether a criminal statutory presumption affords a defendant his constitutional right to due process. In *Tot v. United States,* 319

U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), the Court held that:

> A statutory presumption cannot be sustained if there be no *rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience.* This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them it is not competent for the legislature to create it as a rule governing the procedure of courts. (Emphasis added).

319 U.S. at 467–468, 63 S.Ct. at 1245.

In *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Supreme Court reviewed the constitutionality of a federal criminal statute which included a rebuttable presumption that a defendant's mere possession of marijuana should be deemed sufficient evidence that the marijuana had been illegally imported into the United States and that the defendant "knew" of its illegal importation. After conducting a brief survey of the methods by which marijuana comes into the United States and of the type of people who use marijuana, the Supreme Court concluded that the portion of the federal statute which presumed that a defendant found in possession of marijuana "knew" that the marijuana had been illegally imported, violated the due process clause of the United States Constitution. The Court said:

> [W]e think, that a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary' and hence unconstitutional, unless *it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.* (Emphasis added).

89 S.Ct. at 1548. The Court stated that it was impossible to determine that at least a majority of marijuana possessors had learned of the foreign origin of their marijuana, and that without such a determination, a presumption attributing such knowledge would be irrational and arbitrary. 89 S.Ct. at 1548–49, 1556–57.

In the case of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), a Maine criminal statute required a defendant charged with murder to prove by a preponderance of the evidence that he had acted in the heat of passion on sudden provocation in order to reduce his conviction from murder to manslaughter. The court noted that proving that a defendant did or did not act in the heat of passion is similar to proving any other element of intent. It held that, although evidence of intent is peculiarly within the knowledge of the defendant, it is violative of the due process clause of the Fourteenth Amendment to shift to the defendant the burden of proving his state of mind, 95 S.Ct. at 1891, and that burden must remain with the state to prove all necessary elements beyond a reasonable doubt. 95 S.Ct. at 1891.

In *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the Supreme Court stated that criminal presumptions must be rebuttable. Conclusive presumptions conflict with the overriding presumption of innocence afforded to every defendant, shifting the burden to the defendant to disprove his guilt, and invading the fact-finding function of the jury. 99 S.Ct. at 2458–59.

The Supreme Court held in *Smith v. California,* 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), that obscenity statutes must meet requirements of due process, and in accordance with due process, the state must prove not only that the defendant committed the offending act, but also that he acted with the intent to commit the offense (mens rea or scienter), declaring unconstitutional a Los Angeles obscenity ordinance which had imposed strict criminal liability upon booksellers found in possession of obscene material. The Supreme Court found that the ordinance contained no scienter element, since the prosecution was not required to prove that the defendant bookseller had

personal knowledge of the obscene nature of the material. The Court held that the ordinance tended to inhibit constitutionally-protected, free expression, because it placed the burden on the booksellers either to apprise themselves of the contents of every book in their shops or to face possible prosecution; otherwise booksellers would be restricted to selling only those materials they had read. 80 S.Ct. at 216–19.

▬▬▬ The presumption contained in subsection 43.23(e) of the Texas Penal Code must be read in light of these aforementioned Supreme Court decisions.[1] It is clear, under the dictates of *Smith v. California, supra,* that strict criminal liability may not be imposed for the promotion or possession of obscene materials, and that to meet requirements of due process, the presumption contained in subsection (e) must be rebuttable; it must not shift the burden of proof to the defendant; and it must be based upon a logical connection between the fact proved and the ultimate fact presumed.

Subsection 43.23(e) eliminates "scienter" as an element of the offenses of promotion and of wholesale promotion of obscenity. Since the presumption supplies the necessary inference that the defendant "knew" the material was obscene, the State to prove the requisite culpable "intent," need only show that the defendant promoted or possessed it. Thus, by use of the presumption, scienter is automatically established and actual proof of this element is circumvented.

There is no rational connection in common experience between the knowledge generally found to be held by defendants charged with promotion of obscene material and the knowledge ultimately presumed to them under subsection 43.23(e). Because

"promotion" is an all-encompassing term under Section 43.21,[2] persons with various type employment may be guilty of promoting obscenity in the course of their businesses. Under the broad provisions of Section 43.21, a person need not own an interest in such a business or handle the obscene material to have promoted it in the course of his employment. The owner of an establishment, a manager, a film projectionist, a salesman, a custodian, a concession stand attendant, or, as in the appellant's case, a ticket seller could be equally guilty of promoting obscenity in the course of their employment. It does not flow naturally from the circumstances of common experience that one who works at a refreshment stand, sells tickets, or cleans the theater or shop, must necessarily be deemed to know the contents and character of the material being promoted by the establishment. In the appellant's case, no evidence was presented to prove that she had any knowledge of the obscene character and content of the film she allegedly had promoted. It was not shown that she had ever observed the movie, "Cry for Cindy," or that she had been present in the screen room during its showing. She was not the projectionist, and she had not selected the film for showing. Without use of the statutory presumption contained in subsection 43.23(e) it would have been impossible for a jury or for a judge to have found, beyond a reasonable doubt, that the appellant had "intended" to promote the obscene film, knowing its contents and character.

In practice, Texas courts must follow the procedure contained in Tex.Penal Code Ann. § 2.05 (Vernon Supp.1982) where the law establishes a presumption. Section 2.05 conforms to the constitutional requirement

---

1. Also relevant to, but not dispositive of this issue, are the following decisions interpreting presumptions contained in New York's Obscenity Statute. The presumptions are identical to subsections 43.23(e) and (f): *People v. Kirkpatrick,* 32 N.Y.2d 17, 343 N.Y.S.2d 70, 295 N.E.2d 753 (1973), *appeal dismissed for want of a substantial federal question sub nom., Kirkpatrick v. New York,* 414 U.S. 948, 94 S.Ct. 283, 38 L.Ed.2d 204 (1974); *Mishkin v. New York,*

383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966); *People v. Finkelstein,* 9 N.Y.2d 342, 214 N.Y.S.2d 363, 174 N.E.2d 470 (1961).

2. § 43.21

(5) "Promote" means to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same.

that statutory criminal presumptions must be rebuttable and not conclusive. When there is sufficient evidence of the facts that give rise to a presumption to warrant submitting the issue of the existence of the presumed fact to the jury, the court must instruct the jury on the permissiveness of the presumption. The jury must be instructed that the facts giving rise to the presumption must be proven beyond a reasonable doubt, and that if such facts are proven, the jury may find that the element of the offense sought to be presumed exists, but that it is not bound to so find. Whereas instructions to the jury in accordance with Section 2.05 make a presumption rebuttable, they do not relieve the State of its burden to prove each element of an offense, including scienter, beyond a reasonable doubt. *Easdon v. State,* 552 S.W.2d 153, 155 (Tex.Cr.App.1977). Regardless of Section 2.05, a statutory criminal presumption must pass the tests of constitutionally announced in *Tot v. United States, supra, Leary v. United States, supra,* and the other aforementioned Supreme Court decisions. See 1 C. McCormick and R. Ray, Texas Law of Evidence § 58 (Texas Practice 3rd ed. 1980).

■ Although the presumption of knowledge under subsection 43.23(e) is made rebuttable by instructions to the jury under Section 2.05, the effect of such instructions is to shift the burden to the defendant to offer proof rebutting the inference raised by the statute. Since knowledge is presumed from possession or promotion, and intent to promote can be inferred from the presumed knowledge coupled with the act of promotion or of possession, subsection 43.23(e) is actually a double presumption, eliminating the element of scienter. Knowledge is a state of mind peculiar to its possessor, and the only effective way for a defendant to rebut this presumption is by taking the stand in his own defense and attempting to prove his lack of knowledge of the contents and character of the al-

legedly obscene material. Thus, such a requirement places the burden of proof upon the defendant, violating standards of due process.[3]

Recently, two other Texas Courts of Appeals have rendered decisions related to the constitutionality of the presumptions contained in subsection 43.23(e).

In *McMahon v. State,* 630 S.W.2d 730 (Tex.App.—Houston [14th Dist.] 1982), the appellant, a sales clerk in an adult bookstore, was convicted of selling obscene materials under the old obscenity statute. The 1979 Amendments to the Texas Obscenity Statute, including the subsection (e) presumption, had been passed subsequent to the appellant's offense but prior to his appeal. The appellant argued that the evidence was insufficient to show that he knew the content of the obscene material he was charged with selling. The Court of Appeals held that there was sufficient circumstantial evidence to support the jury's verdict that the appellant had "knowingly" distributed obscene material within the meaning of the scienter requirement of the old obscenity statute, but it did not rule upon the constitutionality of the new subsection 43.23(e), except to say that, in its opinion, "knowledge" under 43.23(e) meant "knowledge of the general subject matter of the material," and not knowledge of the particular material the defendant had allegedly promoted. We do not find *McMahon* persuasive of the constitutional question squarely before us in the case at bar.

In *Garcia v. State,* 633 S.W.2d 611 (Tex.App.—El Paso, 1982), the constitutionality of the current statute was upheld, the court being of the opinion that the statutory presumption in subsection (e) does not dispense with the element of scienter. The court found that there was a rational relationship between the facts of common experience and the facts presumed under subsection (e), and the court held that a proper instruction could be given to the jury, in accordance with Section 2.05 of the Penal Code,

3. *See generally* Comment, *Texas' New Obscenity Laws: Redefining Taste,* 17 Hous.L.Rev. 835, 866–70 (1980); Comment, *Changing Standards of Obscenity in Texas,* 34 Sw.L.J. 1201, 1217–20 (1981).

which would render the presumption rebuttable and valid. The Court said: "The presumptive link is rationally founded on an expectation that a merchant, seeking to maximize profits and operate a successful business, will know the features of his wares."

▮ In *Smith v. California, supra,* the Supreme Court specifically stated that a merchant cannot be presumed to have knowledge of his wares, 80 S.Ct. at 219, and we are bound to follow the dictates of that Court in deciding the case at bar. Perhaps the result in the *Garcia* opinion can be justified, regardless of the statutory presumption, on the basis that the evidence was sufficient to prove that the appellant had knowledge of the obscene materials. Such is not true in the case at hand, and without use of the presumption, there was no evidence presented to sustain a finding that the appellant had knowledge of the obscene nature of the film.

The presumption created by subsection 43.23(e) of the Texas Penal Code violates the First, Fifth and Fourteenth Amendments to the United States Constitution, both facially and as applied to the appellant's case.

Grounds of error twenty and twenty-one are sustained, and it is, therefore, unnecessary to address the appellant's remaining grounds of error.

The judgment of the trial court is reversed and the charges against the defendant are ordered dismissed.