Roy Lloyd **GOSWICK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 65999.

Court of Criminal Appeals of Texas,
En Banc.

June 22, 1983.

Rehearing Denied Sept. 21, 1983.

R. Leonadis McKinney, III, Colorado City,
for appellant.

Frank Ginzel, Dist. Atty. and Russell L.
Carroll, Asst. Dist. Atty., Colorado City,
Robert Huttash, State's Atty., and Alfred
Walker, Asst. State's Atty., Austin, for the
State.

OPINION

ODOM, Judge.

This is an appeal from a conviction of
driving while intoxicated, subsequent of-
fense. Punishment was assessed by the
jury at 3 years.

Appellant asserts in grounds of error four
through nine that the trial court committed
fundamental error in its charge to the jury
on the presumption of intoxication in viola-
tion of the mandatory provisions of V.T.
C.A., Penal Code Sec. 2.05.

The applicable law regarding the submis-
sion of a legal presumption found in V.T.
C.A., Penal Code Sec. 2.05 provides:

"When this code or another penal law
establishes a presumption with respect to
any fact, it has the following conse-
quences:

"(1) if there is sufficient evidence of
the facts that give rise to the presump-
tion, the issue of the existence of the
presumed fact must be submitted to the
jury, unless the court is satisfied that the
evidence as a whole clearly precludes a
finding beyond a reasonable doubt of the
presumed fact; and

"(2) if the existence of the presumed
fact is submitted to the jury, the court
*shall* charge the jury, in terms of the
presumption and the specific elements to
which it applies, as follows:

"(A) that the facts giving rise to the
presumption must be proven beyond a
reasonable doubt;

"(B) that if such facts are proven be-
yond a reasonable doubt the jury may

find that the element of the offense sought to be presumed exists, but it is not bound to so find;

"(C) that even though the jury must find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

"(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose." (Emphasis added.)

The record does not indicate appellant requested a charge nor did he submit one in conformity with the above statute.

The Court held in *Eckman v. State,* 600 S.W.2d 937 (Tex.Cr.App.1980) that:

"We also observe that the charge actually given instructed the jury that the presumption 'may be overcome by evidence,' while it neglected to inform the jury, *as required* by Sec. 2.05, that if it has 'a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.' In this respect the charge was at best confusing and could have shifted the burden in the minds of the jury." (Emphasis added.)

In the present case appellant argues that the court's failure to provide the reasonable doubt standard in its charge to the existence of a fact or facts giving rise to the presumption is fundamental error. Paragraph 6 of the court's charge states the following:

"Where evidence of the amount of alcohol in a person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine or any other bodily substance, shows to have been 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was intoxicated; however, this presumption may be overcome by other evidence showing that the per-

son was not intoxicated or under the influence of intoxicating liquor."

The State argues that paragraph 7 of the court's charge adequately provides for the requirement of *Eckman,* supra. Paragraph 7 states:

"But in no event can you convict the defendant unless from the evidence in this case you find and believe beyond a reasonable doubt that defendant was intoxicated at the very time he is alleged to have driven a motor vehicle upon a public road in the County of Mitchell and :State of Texas, and if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, 'Not Guilty.'"

■ Even though appellant did not object to the court's charge as submitted or request a specific charge to be submitted, the language of Section 2.05(2)(A)–(D), supra, remains mandatory. i.e. "The Court *shall* charge the jury ..." The portion of the court's charge concerning a presumption should contain the reasonable doubt standard as required by Section 2.05(2). *Coberly v. State,* 640 S.W.2d 428 (Tex.App.) affirmed 644 S.W.2d 734, 735 (Tex.Cr.App. 1983).[1]

■ The charge given in this case demonstrates at least two damaging misstatements of the law. It first states that upon evidence of the described character "it *shall* be presumed that the person was intoxicated." The law under Sec. 2.05(2)(A) and (B) is that there is no presumption unless the facts giving rise to it are proven beyond a reasonable doubt, and even then the jury is not bound to use the presumption. This first misstatement of the law in the charge given is damaging in two distinct ways.

The second misstatement of the law occurred when the court instructed the jury that the presumption "may be overcome by other evidence showing that the person was not intoxicated or under the influence of intoxicating liquor." This implies that evi-

1. See and compare *Slagle v. State,* 570 S.W.2d 916, 919, 920 (Tex.Cr.App.1978) (where the court's charge adequately protected appellant's rights and was not fundamentally defective.)

dence must be presented to *overcome* what the court had just instructed the jury *shall* be presumed. It thereby shifts the burden regarding the presumption to the accused. The statute, in contrast to this misstatement, specifically states at Sec. 2.05(2)(B) that even if the facts giving rise to the presumption are proven beyond a reasonable doubt, the jury "is *not* bound to so find;" no evidence is required to overcome the presumption. Finally, in Sec. 2.05(2)(D), it is provided that if the jury has a reasonable doubt as to any fact giving rise to the presumption, then the presumption shall not be considered for any purpose. The charge here, by shifting the burden to appellant to overcome the presumption, is in conflict with that part of Sec. 2.05 as well. This charge, then, is in conflict with three of the four provisions of Sec. 2.05(2) on what instructions should have been submitted to the jury, and was clearly damaging to appellant.

The State's argument that paragraph 7 of the charge, quoted above, was sufficient to inform the jury that the burden was on the State to prove the element of intoxication overlooks the matter of how that burden is to be met. Paragraph 6 informed the jury that evidence of blood alcohol level of 0.10 percent or more creates a presumption of intoxication unless overcome by other evidence. The two paragraphs read together constitute an instruction that the presumption is sufficient to meet the State's burden.

The error in the charge requires reversal. See *Coberly v. State,* supra.

The judgment is reversed and the cause remanded.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., dissent.