**Robert Alan HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1037–82.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1983.

Leonard M. Roth, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft and Judy Polise, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

PER CURIAM.

V.T.C.A. Penal Code, § 43.23(c)(1) provides that a person commits an offense if, knowing its content and character, he possesses with intent to promote any obscene device. Charged *inter alia* on the presumptions prescribed by § 43.23(e) and (f), respectively, a jury found appellant guilty of possessing with intent to promote an ob-

scene device, namely, twenty nine dildos, knowing the content and character of the device. The Houston (1st) Court of Appeals reversed the judgment of conviction, finding the statutory presumptions are facially unconstitutional because violative of the First, Fifth and Fourteenth Amendments to the Constitution of the United States, but concluding:

"Without the presumptions created by the 43.23(e) and (f) there was sufficient evidence to convict the appellant under the valid sections of 43.23. However, the court's charge on the effect of 43.23(e) and (f) constitutes reversible error, and the judgment of the trial court is therefore reversed and the cause remanded."

*Hall v. State,* 646 S.W.2d 489 (Tex.App.—Houston (1st), 1982).

In its petition for discretionary review the sole ground presented by the State is that the court of appeals erred in holding that the trial court's jury charge on the presumptions of § 43.23(e) and (f) constituted reversible error because the statutory presumptions are facially unconstitutional. We granted leave to file the petition for review February 16, 1983, in order to consider the ground asserted by the State along with several other causes that seemed similarly situated: e.g., *Skinner v. State,* 647 S.W.2d 686 (Tex.App.—Houston (1st) 1982), and *Davis v. State,* (Tex.App.—Waco, No. 10–81–119–CR, delivered July 8, 1982). Later developments now dictate that we reverse the judgment of the Houston (1st) Court of Appeals in this cause.

We reversed the judgment in *Skinner* on insufficient evidence to convict, finding that "regardless of the applicability of the presumption stated in subsection 43.23(e), no rational trier of fact could have found appellant guilty beyond a reasonable doubt ...," *Skinner v. State,* 652 S.W.2d 773 (Tex.Cr.App.1983). On the other hand we reversed the judgment of the Waco Court of Appeals in *Davis v. State,* finding *inter alia* that "the presumption provided by Sec. 43.23(e) must fall," *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App., 1983) and have this day denied State's motion for rehearing with written opinion.

■ In the instant cause we conclude that the error found by the court of appeals in the charge to the jury with respect to the presumptions is not reversible error, for the court also found, and we agree, that even without application of the presumptions the evidence was sufficient to convict appellant. Thus, we need not, and do not, reach the holding that § 43.23(f), as well as § 43.-23(e), is unconstitutional. *Skinner v. State,* supra, at 776.

The judgment of the court of appeals is reversed and the judgment of conviction in the trial court is affirmed.

TEAGUE, Judge, concurring.[1]

Robert Alan Hall, appellant, was charged by complaint and information with possessing with intent to promote obscene devices, namely, 29 dildos.[2] The jury found appellant guilty and the trial court assessed a $350 fine as punishment. Appellant appealed his conviction to the First Court of Appeals, which reversed. See *Hall v. State,*

---

1. Unless otherwise indicated, all references herein to "sections" or "subsections" refer to provisions of Chapter 43 of the Texas Penal Code.

2. The word dildo is not defined in the Penal Code. Therefore, I must give the word its usual acceptability in common language. See Art. 5429b–2, Sec. 2.01, V.A.C.S. (The Code Construction Act). The word, dildo, has been defined to mean either: "An object used as a penis substitute for an erect penis," or "An object serving as a penis substitute for vaginal insertion." See *The American Heritage Dictionary of the English Language* 369 (1973 Edi-

tion); *Webster's New Collegiate Dictionary* 317 (1980 Edition). The word object has been defined to mean the following: "Something that is capable of being seen, touched or otherwise sensed." *Webster's,* 748, Id. The word device has been defined to mean the following: "A piece of equipment or a mechanism designed to serve a special purpose or perform a special function." *Webster's,* 309, Id. A "dildo" then is nothing more than an inanimate object or device, designed in the form of an erect penis. In its manufactured state it can only be seen, touched, or felt.

646 S.W.2d 489 (Tex.App.—Houston [1st] 1982).

The Legislature of this State has proscribed possession of an obscene device, if such is possessed with intent to promote. See Sec. 43.23(c)(1).[3] A dildo is included in the statutory definition of an "obscene device." Sec. 43.21(a)(7).[4] If a person possesses 6 or more dildos, he is presumed to possess them with intent to promote. See Sec. 43.23(f).[5] Also see Sec. 43.23(e).[6]

The majority reaches the correct result in this cause. However, it takes the wrong approach in considering why the Court of Appeals reversed the trial court. The majority appears to treat the issue before this Court as one dependent on whether the error is harmless. In doing so, it has completely overlooked the substance of what the Court of Appeals had held in its opinion. I will explain.

In reversing appellant's conviction, the Court of Appeals relied upon its decision of *Skinner v. State,* 647 S.W.2d 686 (Tex.App. —Houston [1st] 1983), aff'd *Skinner v. State,* 652 S.W.2d 773 (Tex.Cr.App.1983), which had held that Sec. 43.23(e), supra, is facially unconstitutional.

In this cause, it expanded that holding and held that Sec. 43.23(f), supra, is also facially unconstitutional, and then held that because the trial court had included in its instructions to the jury the provisions of subsections (e) and (f), this rendered the charge to the jury defective.

**3.** Sec. 43.23(c)(1) provides:
A person commits an offense if, knowing its content and character, he:
(1) *promotes* or possesses with intent to promote any obscene material or obscene device. [Emphasis Added]
The word promote is defined in Sec. 43.21(5) as: "Manufacture, issue, sell, provide, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same."

**4.** Sec. 43.21(a)(7) provides:
"Obscene Device" means a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs.

**5.** Sec. 43.23(f) provides:

This Court, in its decision of *Skinner v. State,* Id., affirmed the judgment of the Court of Appeals without discussing the validity of subsection (e). Our sole holding was that the evidence was insufficient as a matter of constitutional law. Furthermore, this Court expressly stated the following: "To the extent that the Court of Appeals ordered appellant's conviction reversed for any reason other than what we have given, its decision is overruled." 652 S.W.2d at page 777.

Because of what we stated in *Skinner,* the reasons the Court of Appeals gave for reversing appellant's conviction are no longer correct. This Court therefore granted the State's petition for discretionary review to review the decision of the Court of Appeals, and decide the merits of appellant's substantive contentions.

The majority, however, in disposing of the State's petition for discretionary review, appears to have taken a "short cut" to reach the correct result. Although it reaches the correct result, I am afraid the questions that will soon be asked will make the route it took look like it took "a long road to China to get to Houston."

The Court of Appeals expressly held that the possession for sale of the 29 dildos in this cause was protected by the First Amendment to the Federal Constitution or by like provisions of the Texas Constitution.[7] Such, however, were not protected by either.

A person who possesses six or more obscene devices or identical or similar obscene articles is presumed to possess them with intent to promote the same.

**6.** Sec. 43.23(e) provides:
A person who promotes or wholesale promotes obscene material or an obscene device or possesses the same with intent to promote or wholesale promote it in the course of his business is presumed to do so with knowledge of its content and character.

**7.** The First Amendment to the United States Constitution provides:
Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right

Had the dildos been constitutionally protected, then arguably appellant's cause would be governed by our decision of *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App.1983) (State's Motion for Rehearing Denied, October 19, 1983), in which we discussed the issue whether the presumption provided by subsection (e) could be applied where a First Amendment right outside the privacy of one's home was implicated, and held that subsection (e) could not be used to obtain criminal convictions in those instances where a First Amendment right outside the home was implicated. However, it did not in *Davis* hold that if no First Amendment was implicated then "the presumption provided by Sec. 43.23(e) must fall," as the majority appears to imply.

Because no First Amendment right is implicated in this cause, I believe that the correctness of the Court of Appeals' opinion rests upon whether the presumptions provided by subsections (e) and (f), as applied in this cause, can be construed as (1) constituting mandatory presumptions, (2) having no rational connection between the fact proved and the ultimate fact presumed, or (3) that the inference of the one fact from proof of the other is arbitrary because of a lack of connection between the two in common experience. I would hold for the reasons about to be stated that the presumptions, as applied in this cause, are not unconstitutional.

Presumptions, in criminal jurisprudential parlance, are usually said to be either mandatory or permissive. The distinction between the two is usually seen in the respective effect each has. A permissive presumption allows, but does not require, the

trier of fact to infer the elemental or ultimate fact from the proof offered. It places no burden on the accused. A mandatory presumption, on the other hand, directs that the elemental or ultimate fact must be found upon proof of the basic fact, unless the accused presents evidence to rebut the presumption.

A mandatory presumption is *per se* violative of the due process rights of the accused, because it impermissibly shifts the burden of proof from the prosecution to the appellant. *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). Also see *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 S.Ct. 1519 (1942); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Connecticut v. Johnson,* —— U.S. ——, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

However, even a permissible presumption may be in violation of the accused's due process rights if there is no rational connection between the fact proved and the ultimate fact presumed, or if the inference of the one from proof of the other is arbitrary because of a lack of connection between the two in common experience. *Tot v. United States,* supra. Also see C.T. McCormick, "The Validity of Statutory Presumptions of Crime under the Federal Constitution," 22 *Tex.L.Rev.* 75 (1943).

I agree with appellant that subsections (e) and (f), supra, if applied standing alone, arguably could be construed as mandatory

---

of the people peaceably to assemble, and to petition the Government for a redress of grievances.

Also see Art. 1, Sec. 8 of the Texas Constitution.

Although I recognize that "commercial speech," which does no more than propose a commercial transaction, is nonetheless of such social value as to be entitled to First Amendment protection, see *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumers Council,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), nev-

ertheless, in this instance, appellant makes no claim that when he was in possession of the 29 dildos he was engaged in the kind of "commercial speech" that is protected by the First Amendment, and I find that when he possessed the 29 dildos in the capacity of manager of the drive-in theatre where they were seized, he was merely engaged in an economic venture on behalf of himself or others to sell what the State of Texas has deemed to be illegal—an obscene device which was in the form of a manufactured erect penis—and not engaged in "commercial speech" protected by the First Amendment.

presumptions, and thus violative of appellant's due process rights. However, in this instance, they were not applied in mandatory or irrebuttable fashion. Furthermore, in this instance, I find there is a sufficient relationship or connection between the premise or the proved fact (appellant, as manager of a mini-drive in theatre, was found in possession of 29 dildos), and the presumptions (a person who promotes obscene devices in the course of his business is presumed to do so with knowledge of their content and character, and a person who possesses six or more obscene devices is presumed to possess them with intent to promote the same that permits them to pass current constitutional tests.

In this instance, after the trial court instructed the jury on the two statutory presumptions provided by subsections (e) and (f), it did not cease instructing the jury as occurred in *Goswick v. State,* 656 S.W.2d 68 (Tex.Cr.App.1983), because immediately following its instructions on subsections (e) and (f), it included the provisions of V.T. C.A., Penal Code, Sec. 2.05.[8] Compare, however, *Easdon v. State,* 552 S.W.2d 153 (Tex.Cr.App.1977).[9]

Furthermore, even though the presumptions were placed in the charge to the jury, the charge did not fail to provide the reasonable doubt standard to the existence of a fact or facts giving rise to either presumption. Cf. *Eckman v. State,* 600 S.W.2d 937 (Tex.Cr.App.1980). There is also no implication in the charge that appellant had to present any evidence to overcome what the court had just instructed the jury is presumed, i.e., the charge did not permit the burden of proof to be shifted. Thus, the presumptions were not stated to be mandatory or irrebuttable. In actuality, I believe that the presumptions in this instance did nothing more than state to the jury what I believe it could have inferred from common sense and experience. I will explain.

The plain view observation of at least ten dildos [10] would, I believe, apprise any rational person of the content and character of at least one dildo, and I find it unimaginable that an on-site manager of a mini drive-in theatre would be unaware of the content and character of dildos prominently displayed for sale at the concession stand of the theatre. To argue that such a person's

---

**8.** V.T.C.A., Penal Code, Sec. 2.05 provides as follows:

**§ 2.05. Presumption**
When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

**9.** *Goswick* and *Easdon* both concerned charges which contained the provisions of Art. 6701*l*–5, Sec. 3(a), V.A.C.S., or "the intoxication presumption," i.e., if there was at the time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

The trial court in *Easdon,* contrary to *Goswick,* failed to instruct the jury on the provisions of Sec. 2.05, Id., thus causing the conviction to be reversed.

**10.** In addition to establishing that appellant was the manager of a mini drive-in theatre where 29 dildos were seized, the evidence showed that he was present at the time of the execution of the search warrant, and stood behind the counter, the area where the dildos were seized, with another employee. Two dildos were on display on the counter, eight to ten more were visible on a shelf behind the counter, and the balance seized were located in boxes in an adjacent room.

intent to promote the seized dildos could not be inferred from his possession of same, as a result of his managerial position, would be to ignore native good judgment or common sense.

I therefore find that the presumptions provided by subsections (e) and (f) were effectively reduced in this instance, by the charge to the jury, to amount to nothing more than mere permissible inferences. The Court of Appeals thus erred in holding that the above presumptions, as applied in this cause, were constitutionally impermissible, and further erred in holding that the insertion of the presumptions into the charge caused the charge to become fatally defective.

Although I agree with the majority that in this instance the implication of the presumptions did not cause the evidence to be insufficient in the eyes of a rational trier of fact, nevertheless, I am unable to agree that this causes the issue of whether the presumptions are valid presumptions to vanish from the scene.

Had the evidence been held to be insufficient, then, of course, what the majority states would be entirely correct. See this Court's decision of *Skinner v. State,* supra. However, the evidence is held not to be insufficient, but, instead, sufficient.

The majority states that "we need not, and do not, reach the holding that Sec. 43.23(f), as well as Sec. 43.23(e), is unconstitutional." However, because this Court previously held in *Davis v. State,* that the State may not use Sec. 43.23(e) to obtain a conviction, if a First Amendment right is implicated, and the Court of Appeals has held in this cause that Sec. 43.23(f) is facially unconstitutional, I must sympathize with the trial judge who has to try an obscenity case tomorrow morning.