Roy YBARRA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-87-00505-CR, 04-87-00509-CR.

Court of Appeals of Texas, San Antonio.

Dec. 28, 1988.

Rokki Roberts, Houston, for appellant.

Fred G. Rodriguez, Mike Ramos, Edward F. Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

Appellant was convicted of violating TEX.PENAL CODE ANN. § 43.23(c)(1) which provides that a person commits a misdemeanor if, knowing its content and character, "he promotes or possesses with intent to promote any obscene material...." Appellant sold allegedly obscene videotapes and one magazine to undercover police officers.

Appellant pled nolo contendere and was sentenced to six (6) days in jail and a $150.00 fine for each conviction. Appellant has appealed the five (5) convictions to this Court, and we have consolidated the appeals. We affirm the judgments of the trial court.

In each case the appellant brings identical points of error. He contends the trial court committed reversible error in denying his pre-trial motion to quash for the reason that the statute made the basis of prosecution is indefinite, uncertain and vague. He further contends the trial court committed reversible error in denying his pre-trial motion to quash for the reason that there was not a timely and proper determination of obscenity.

Where, as here, a challenge to a statute is founded upon a right guaranteed by the First Amendment, a reviewing court must carefully consider the point of error. *See generally Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Crim.App.1987). Appellant contends TEX.PENAL CODE ANN. §§ 43.-21 and 43.23 are vague, indefinite and uncertain.

The void for vagueness doctrine requires that a penal statute define the criminal offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). For the pur-

pose of determining whether a state statute is too vague and indefinite to constitute valid legislation we must take the statute as though it read precisely as the highest court of the state has interpreted it. *Id.,* 461 U.S. at 356, 103 S.Ct. at 1858.

With the parameters of the doctrine before us, we turn to the case at bar. Though in his point of error and in his brief, appellant generally attacked the entirety of both statutes, in his motion to quash, he attacked TEX.PENAL CODE ANN. § 43.21(a)(1)(A). However, his argument in his motion is actually leveled at TEX.PENAL CODE ANN. § 43.21(a)(1)(C). Therefore, to bring an element of order, this court will proceed to look generally at both statutes as they have been interpreted by the highest court in the state and by the federal Fifth Circuit.

In 1979 the Texas Legislature rewrote the state's penal code provisions defining and regulating obscene materials. *Red Bluff Drive-In, Inc. v. Vance,* 648 F.2d 1020, 1024 (5th Cir.1981), *cert. denied,* 455 U.S. 913, 102 S.Ct. 1264, 71 L.Ed.2d 453 (1982). Shortly before the statutes were to go into effect, they were challenged for, among other things, being unconstitutionally vague. *Id.,* 648 F.2d at 1026. The federal district courts rejected the assaults and the plaintiffs appealed to the Fifth Circuit. The federal appellate court found certain provisions of the statutes to be questionable—Sections 43.21(a)(4), 43.-21(a)(5), 43.23(e) and 43.23(f). *All other sections were found to be constitutionally valid, including Section 43.21(a)(1)(A), (B), (C).* The United States Supreme Court denied certiorari in the cases. The federal court did abstain from any decision on the above cited questionable provisions to allow Texas courts the opportunity for interpretation. *Id.*

Texas courts have consistently held that generally the statutes are not void for vagueness. *See Andrews v. State,* 652 S.W.2d 370, 383 (Tex.Crim.App.1983) (Section 43.21(a)(4) not void for vagueness); *Hall v. State,* 646 S.W.2d 489, 491 (Tex. App.—Houston [1st Dist.] 1982), *rev'd on other grounds,* 661 S.W.2d 101 (Tex.Crim.

App.1983) (Section 43.21(a)(5) not void for vagueness). As to Section 43.23(e), it was ruled unconstitutional in *Davis v. State,* 658 S.W.2d 572 (Tex.Crim.App.1983). As Section 43.23(f) deals with the same kind of presumption overruled in *Davis,* it is also apparently unconstitutional. Therefore, the statutes generally are not void for vagueness, as interpreted by this state's highest criminal court. Specifically, to answer appellant, Sections 43.21(a)(1)(A), and 43.21(a)(1)(C) have been ruled not void for vagueness.

Appellant also argues in his motion to quash and in his appellate brief the Texas statute is now unconstitutional because the United States Supreme Court set new standards in *Pope v. Illinois,* 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987) and thereby effectively overruled *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Appellant's reliance on *Pope* is misplaced.

The *Miller* court held the proper First Amendment standards to be applied by the states in determining whether particular material was obscene and subject to regulation to be as follows:

(1) whether the average person, applying contemporary community standards, would find that the work, taken as a whole, appealed to the prurient interest;

(2) whether the work depicted or described, in a patently offense way, sexual conduct specifically defined by the applicable state law, as written or authoritatively construed; and

(3) whether the work, taken as a whole, lacked serious literary, artistic, political or scientific values.

*See Miller v. California,* 413 U.S. at 24, 93 S.Ct. at 2614.

The *Miller* court held a jury could use statewide community standards. *Id.*

In *Pope,* attendants at two adult bookstores, in Illinois, were charged with violating an Illinois obscenity statute by selling allegedly obscene magazines. *Pope v. Illinois,* 481 U.S. at 1920, 107 S.Ct. at 1920, 95 L.Ed.2d at 444. At the attendants' respective trials, the juries were instructed to judge whether the magazines were obscene

under the test set out in *Miller*, by determining how the magazines would be viewed by ordinary adults in the entire State of Illinois. *Id.* According to the United States Supreme Court, the issue in the case was whether, in a prosecution for the sale of allegedly obscene materials, the jury may be instructed to apply community standards in deciding the value question. *Id.* 481 U.S. at 499–500, 107 S.Ct. at 1920–1921, 95 L.Ed.2d at 445. The Court held the instruction to the juries to apply a statewide community standard in deciding the values question violated the First Amendment. *Id.* The Court instructed, as to the third *Miller* prong, the proper inquiry is not whether an ordinary member of any given community would find serious value in the allegedly obscene material, but whether a reasonable person would find such value in the material. *Id.*

The Court further makes it clear that the first and second prongs of the *Miller* test—appeal to prurient interest and patent offensiveness—are issues of fact for the jury to determine, applying contemporary community standards. *Id.*

■ *Pope* neither rejects nor overrules *Miller*. *Pope* establishes contemporary community standards for *Miller's* prongs one and two and a reasonable person standard for *Miller's* prong three. With *Miller* only modified by *Pope*, the Texas obscenity statutes are still constitutional. The statutes are not indefinite, uncertain, or vague. *See generally Andrews v. State, supra* at 370; *Boyd v. State*, 643 S.W.2d 700 (Tex. Crim.App.1982).

The Texas statute, TEX.PENAL CODE ANN. § 43.21 defines obscenity as, (a) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex, (b) depicts or describes various acts of descriptions of sexual acts, and (c) taken as a whole lacks serious literary, artistic, political, and scientific value. The reference to "community standards" in the Texas statute is properly found in the first prong of the test. The Texas statute does not offend *Pope*. Appellant's first point of error is overruled.

Appellant argues in his second point of error that an independent, pre-arrest, judicial determination of obscenity is a prerequisite of a constitutional prosecution for the sale of obscene material. Appellant bases this argument on the ground that the First Amendment blankets speech with a presumption of protection and this legal presumption can only be evaporated by a determination of probable obscenity by a neutral and detached judicial officer or body.

■ In these consolidated cases, appellant was charged by information and complaint. Each instrument shows a finding of probable cause by a judge or magistrate prior to the appellant's arrest. It is well settled that as long as the normal requirements of probable cause are met, then rights are adequately protected. *See Goodwin v. State*, 514 S.W.2d 942 (Tex. Crim.App.1974). *See also Walthall v. State*, 594 S.W.2d 74 (Tex.Crim.App.1980). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.